## UNITED STATES DISTRICT COURT.

### *In Re* JULIUS L. ADAMS.

Each creditor has the right to examine the bankrupt under section 26 of the act; but such examinations are to be regulated as to time, manner and course by the register in the exercise of a sound discretion, so as to protect the bankrupt from annoyance, oppression and mere delay.

*November* 12, 1868.
*Southern District of New York.*

IN this case Register Fitch certifies as follows :

This cause is now pending before me at chambers of this court.   The petitioner has been duly adjudicated a bankrupt; several creditors have duly proved their claims, and have a standing in court ; several of these creditors have, in due from, upon proper affidavit shown good cause for granting the order provided for by section 26 of the bankrupt law, compelling the attendance of the bankrupt at the chambers of this court before me, and also for the usual *subpœna* requiring the bankrupt to appear at the same time and place as a witness in these proceedings, good cause having been shown.   I granted the order and *subpœna* on each application, returnable on the same day and at the same time and place.

T. D. Pelton, attorney for Henry N. Morgan, a creditor, has examined the bankrupt and concluded his examination. R. P. Lee, attorney for Mr.———, a creditor, has also duly obtained a similar order and *subpœna;* the bankrupt is now in court before me, in obedience to all the orders and *sub pœnas* which have been issued.

Mr. Lee now moves for the examination of the bankrupt upon his order, immediately after the conclusion of the examintaion of the bankrupt on behalf of Henry N. Morgan, and claims that he has the right to examine him generally in the case, the same as if the bankrupt had not already been examined in this cause, by Henry N. Morgan, and also claims that

such creditor of the bankrupt has a right to a separate examination under section 26 of the bankrupt act, and your Honor's decision affirming my opinion. (*In re Julius L. Adams, Bankrupt Register, Vol. II., No. 5, p. 35.*) Warren G. Brown, attorney for the petitioner, objects to the examination of the petitioner, on the ground that when one creditor of the bankrupt has had one full, complete and exhaustive examination of the petitioner, all the other creditors are bound by it; no other creditor can institute a new examination as if it were the first examination, and that the other creditors are estopped from examining the bankrupt upon the same subject matter of his first examination, and that, as to them, they are parties and privies as co-creditors of the bankrupt, and the first examination is *res adjudicata;* that in order to compel the petitioner to submit to another examination, this creditor must apply to the (court) register showing special reasons why a new examination should be had, and for an order for that purpose. The question is pertinent to the proceedings, and is of much importance to the profession as well as parties, and the decision of this court will at once settle the practice.

It has been settled as a rule of law by the decisions of this court, that proceeding in bankruptcy on the part of the petitioner is a commencement of a suit in the district court of the United States by the bankrupt, by virtue of the provisions of the bankrupt law, against his creditors, in which action the petitioner is plaintiff, and the creditors defendants; the petitioner asking this court for a judgment against his creditors, the defendants, discharging him from his indebtedness to them. By the practice in the national, as well as the state courts, each defendant has a right to appear separately and put in a separate plea or answer, and has the statutory right to compel the plaintiff to be examined as a witness as to the facts set up or alleged in each separate plea or answer, and there is no rule or law compelling the defendants to join in

one plea or answer, or depriving each defendant of the benefit of the testimony of the plaintiff.

The proceedings allowed by section 26 of the bankrupt law are simular to supplemental proceedings under the Code of this state, which are a substitute for the creditors' bill under our former system of chancery practice; and I deem it good policy as well as a sound rule of law, that the settled rules of practice in reference to those proceedings, and under creditors' bills, be followed by this court in the construction of the practice to be followed in reference to the proceedings under section 26 of the bankrupt law.

I hold that each creditor may obtain a separate order for the examination of the bankrupt, the same as each judgment creditor could file a creditor's bill, and is entitled to a separate and independent examination of the bankrupt under secton 26 of the bankrupt law, unless the district court, on motion of the petitioner, that the credtiors unite in one and the same examination, or that the examination under one order be taken as the examination under all other orders granted. This the court has the legal right to do, as it has the power to consolidate the examinations under the various orders into, as it were, one examination; but this should only be done in cases where the affidavits upon which the orders for examinations were granted, do not show that the petitioner had disposed of a large amount of property, nor show any grounds for an examination on the subject matter not set forth in the schedules attached to the petition of the bankrupt. It is also true, that the creditors, and each of them, must file separate specifications and objections to the petitioner's discharge, and in order to do so, it is absolutely necessary for them, and each of them to examine the petitioner upon the various points, and subject matters of their objections.

This is unquestionably the correct practice, and should, to a reasonable extent, be allowed in this and all similar cases, as a strict matter of right given to the creditor by section 26

of the bankrupt law. But in the judicial exercise of this right a sound discretion must be used by the court; the creditors must be allowed the full extent of their legal rights, and at the same time the petitioner must be protected by the court from useless and unnecessary re-examinations upon subject matters, upon which he has been once fully and thoroughly examined; in doing so, the court must exercise a sound discretion in the matter and do substantial justice as between all the parties. In carrying out these views, I allowed the Messrs. Pelton, counsel for Mr. Morgan, the creditor, to whom an order for the examination of the petitioner was first granted, to take the initiative in the examination and to conclude their examination, Messrs. Lee, Coudert Brothers, Chapman & Scott, and others, counsel for various creditors, to take the same testimony simultaneously, so that the testimony taken under the order granted to Mr. Morgan, becomes the testimony in the case of each of the other creditors. I then allowed Mr. Lee to continue the examination upon such additional subject matters not previously entered into by Messrs. Pelton, allowing all the other creditors the full benefit of his examination, granted the same right of examination to the other creditors upon subject matters upon which Messrs. Pelton and Mr. Lee may have omitted in their examintion. In this manner the court is enabled to give full force and effect to section 26 of the bankrupt act, and at the same time, to save the petitioner from unnecessary expense, annoyance and delay.

I think it was the evident intention of congress, that sound discretion must be used by the courts in bankruptcy in conducting the legal proceedings, and also in forming the general orders and rules in bankruptcy. Chief Justice CHASE most certainly entertained that view, and appointed as registers, to assist the district judges in the discharge of their official duties, men who had much experience in the legal profession, and men, who, with but few exceptions, were safely to be trusted with much discretionary power.

---

Matter of Adams.

---

I therefore hold, as a matter of law, that each creditor who procures an order has a legal right under section 26 of the bankrupt act, and under the rules of this court, and the courts of the state, to a full, fair and searching examination of the petitioner, but that the court on the trial of the cause should cause the testimony of the petitioner, when there have been several orders granted, to be taken under the orders as one order, each creditor having the benefit of the testimony as if taken under his order.

BLATCHFORD, J.   Every creditor has a right, under section 26, to examine the bankrupt on oath as to the matters specified in that section.   Such examination enures to the benefit of all the creditors.   But the fact that one creditor has examined the bankrupt, is no reason for withholding the privilege from another creditor.   Yet the register must, in the exercise of a sound discretion, so regulate the time and manner and course of the examinations as to protect the bankrupt from annoyance and oppressson and mere delay, while at the same time full and fair opportunity is allowed to the credit-ors to inquire as to the matter specified in the 26th section.