### In re HERRMAN.

(District Court, S. D. New York. June 8, 1900.)

1. BANKRUPTCY—DISCHARGE—APPLICATION UNDER THE ACT OF 1867—EFFECT ON APPLICATION UNDER ACT OF 1898.

An order refusing to discharge a bankrupt under the bankruptcy act of 1867 does not estop the bankrupt from applying for a discharge upon the same facts, and as to the same debt, under the act of 1898.

2. SAME—PLEA IN BAR.

The pendency of an application for the discharge of a bankrupt under the bankruptcy act of 1867 cannot be pleaded in bar of an application by the debtor for a discharge under the act of 1898.

3. SAME.

Debts existing under the bankruptcy act of 1867, and kept alive by subsequent judgment, are not excepted from the operation of the act of 1898.

In Bankruptcy. Discharge. Former proceedings pending.

Horwitz & Samuels, for the motion.
Francis C. Reed, opposed.

102 F.—48

BROWN, District Judge. A motion is made for leave to amend the fourth specification of certain creditors in opposition to the bankrupt's discharge, by alleging the pendency of former proceedings in bankruptcy under the act of 1867 and of an application for a discharge therein which is still pending and undetermined. That specification, as it stands, states that the discharge of the bankrupt was refused in the former proceeding. Investigation shows that no order to that effect has ever been entered. The moving creditors have a claim which was proved in the former proceedings and which has been kept alive by a judgment obtained thereon in 1898. The present motion is based upon the theory that the refusal of a discharge in the former proceeding would be res judicata as respects the same debt in the present proceeding; and that the pendency of the old application for a discharge would be good as a plea in abatement, as of a former suit pending; and that the discharge of the old debt can only be sought or obtained in the old proceeding. On consideration, I am unable to sustain this view.

Proceedings in bankruptcy are doubtless in the nature of a suit (Sandusky v. Bank, 23 Wall. 289, 23 L. Ed. 155; In re Adams, 36 How. Prac. 270, 271, Fed. Cas. No. 40; In re Comstock, 3 Sawy. 128, Fed. Cas. No. 3,077), and no doubt the refusal of a discharge under the act of 1867 would be res judicata upon any subsequent application for a discharge under that act as respects the same debt; and similarly, while a former proceeding is pending, no subsequent application for a discharge from the same debts would be entertained under the same act. But these rules in my judgment have no application to proceedings for a discharge under wholly independent and widely separated statutes of bankruptcy, like those of 1867 and of 1898. The provisions regulating discharges are quite different in the two statutes; so that though a discharge were refused under the act of 1867, the bankrupt upon the same facts might be entitled to a discharge under the act of 1898.

The facts stated in the moving affidavits and the records of this court furnish a strong presumption that the proceedings for a discharge under the former act were virtually abandoned in 1879, as the bankrupt was not likely to succeed in obtaining it. There were then numerous specifications in opposition to his discharge, two of which were the same as are raised in the present proceeding, and which would bar a discharge under the present act if proved. The former proceeding, which has never been determined by the entry of any order refusing a discharge, can have no greater force as a bar to the present proceeding, however, than if an order of refusal had been in fact entered. But even if such an order had been entered, and even if the refusal was solely upon grounds which would bar a discharge under the present act, the debtor would in my judgment still be at liberty to proceed for a discharge under the act of 1898 without reference to the act of 1867, or any proceeding under it; and his right to a discharge now must be determined by the provisions of the present act alone.

The only effect of a refusal of a discharge under the old act was to exclude the debtor from all relief under that act, and to leave his debts

existing as before. The act of 1898, passed 20 years after the repeal of the act of 1867, marks a new beginning. It is wholly independent of the former act. It was designed to give to debtors a fresh start in life, freed from the weight of all former debts, except such as are expressly excluded from the operation of the present act. Old debts existing under the former act and kept alive until now by subsequent judgments, are not excepted from the new act, though a discharge from them under the former act was denied. They are, therefore, presumably within the intent of the present statute. The long disability of the debtor under the pressure of his old debts is in effect made by the present act a sufficient punishment for the offenses which previously barred his discharge. The new act as respects discharges supersedes the old, and its design to give freedom to all debtors upon an honest compliance with its provisions, subject only to its own restrictions, would be clearly thwarted pro tanto, if relief under it were refused merely because similar relief had been refused under the act of 1867.

Upon this view of the intent of the present act, it follows that the facts desired to be set up in opposition to the discharge, are immaterial, and would constitute no bar to a discharge; and on that ground the motion is denied.