### In re SCHECHTMAN.

District Court, S. D. New York.
Dec. 30, 1938.

Samuel M. Rivelson, of New York City, for bankrupt.

Leo S. Auerbach, of New York City, for judgment creditor.

GODDARD, District Judge.

Motion to vacate a stay restraining a creditor from enforcing payment of the same debt which is listed in the present bankruptcy proceeding that was also listed in a former bankruptcy proceeding of the bankrupt, in which the bankrupt's discharge was denied.

The case of In re Herrman, 2 Cir., 134 F. 566; Id., D.C. 102 F. 753, cited by counsel for the bankrupt, has no application to

the issue at bar for, as Judge Brown said —"The act of 1898, passed twenty years after the repeal of the act of 1867, marks a new beginning. It is wholly independent of the former act." (Page 567 of 134 F.); while the "Chandler Act", approved June 22, 1938, 52 Stat. 840, 11 U.S.C.A. § 1 et seq., is, as it states, merely an amendment of the Bankruptcy Act of 1898 and not a new and independent act.

The same debt having been listed in the earlier bankruptcy proceeding in which the discharge was denied, the bankrupt is precluded from obtaining a discharge of the same debt in this proceeding. Matter of Cooper, D.C., 236 F. 298; In re Zeiler, D. C., 18 F.Supp. 539; In re Green, D.C., 19 F.Supp. 925.

The motion to vacate the Ex-Parte order staying the creditor from proceeding to collect his debt, which it is alleged has been preserved by judgment, should therefore be and is granted.