In re KUFFLER.

(Circuit Court of Appeals, Second Circuit. January 7, 1907.)

No. 95.

BANKRUPTCY—REFUSAL OF DISCHARGE—SECOND PROCEEDING.

The denial of the application of a bankrupt for a discharge renders the issue as to his right to a discharge res judicata as to debts which were provable in that proceeding, and, where in a subsequent voluntary proceeding the bankrupt schedules the same debts and the same assets, the second proceeding is a manifest attempt to evade the effect of the former, and the bankrupt should be restrained by the court from prosecuting a second application for a discharge; but, where a considerable time has elapsed and new debts are also scheduled, the bankrupt has the right to maintain the proceeding as to those, and an order granting a stay should be limited accordingly.

Appeal from the District Court of the United States for the Eastern District of New York.

For opinion below, see 144 Fed. 445.

S. S. Myers, for appellant.

J. G. Moses, Benjamin Tuska, and Page, Crawford & Tuska, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The bankrupt has appealed from an order of the District Court for the Eastern District of New York setting aside an order of adjudication in bankruptcy in a voluntary proceeding commenced in December, 1905, dismissing the bankruptcy proceeding, and enjoining the bankrupt permanently from further prosecution thereof. This order was made upon the application of certain creditors of the bankrupt whose debts were included in his schedule. It appeared upon the application that the appellant was adjudged a bankrupt August 8, 1899, in a proceeding in the District Court for the Southern District of New York; that November 5, 1899, he filed a petition in that proceeding for a discharge from his debts; that specifications in opposition to his discharge were filed by his creditors; and that October 12, 1903, upon the application of the opposing creditors, and after hearing the bankrupt, the court dismissed his application for a discharge for want of proper prosecution. It further appeared that debts scheduled in the present proceeding to the amount of $70,000 were scheduled in the former proceeding, and a few small debts scheduled in the present proceeding were not scheduled in the former proceeding, and that the property scheduled in the present proceeding was of trifling value.

If the application in the court below had been directed to obtaining a stay of any application for a discharge from the debts scheduled in the former proceeding, and the court below had limited its order accordingly, we should have no difficulty in affirming the order. Obviously it was the principal purpose of the present proceeding to enable the bankrupt to renew his unsuccessful application to be discharged from his debts in the former proceeding, and to that extent to resuscitate the former proceedings. If this were permitted, the creditors who successfully opposed his discharge in the former proceeding would be compelled to litigate over again the issue which had been finally adjudicated in their favor. They should not be subjected to this hardship. If any of these creditors should seek to enforce by an action his debt against the after-acquired property of the bankrupt, not having procured a stay in the second bankruptcy proceeding, he might be met with a discharge in that proceeding as a bar to his action. Under the act of 1898 the denial of an application for a discharge from debts provable in one proceeding in bankruptcy renders the issue of the right to a discharge res adjudicata as to such debts in a subsequent proceeding; and a failure of the bankrupt to apply for a discharge within 12 months after the adjudication in the earlier proceeding has the same effect. Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477. Where the same debts and the same assets are scheduled in the two proceedings, one being commenced subsequent to the termination of the other, it is manifest that the last proceeding is merely an attempt

to evade the former one. To permit it would be to sanction a fraud upon the court. As this court said in Re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 709:

"Not only should the court of bankruptcy protect the creditors from an attempt to retry an issue already tried and determined between the same parties, but the court, for its own protection, should arrest, in limine, so flagrant an attempt to circumvent its decrees."

The present case differs, however, from the Fiegenbaum Case, because in that case the second proceeding was commenced within a very short time after the denial of the bankrupt's discharge in the former proceeding, while here two years have elapsed; and it differs in the further and more important fact that some debts are scheduled in the second proceeding which were not provable in the first.

It is the right of an insolvent debtor who may have acquired property and incurred debts subsequent to an adjudication of bankruptcy to prosecute a second proceeding to obtain his discharge. The effect of an order like the one under review would be to deprive him of that right.

We conclude, therefore, that the order should be reversed, but without prejudice to an application by the creditors, such as has been suggested.