## In re ELBY.

### (District Court, N. D. Iowa, E. D. October 7, 1907.)

### No. 570.

1. BANKRUPTCY—JUDGMENT—CONCLUSIVENESS.

Failure of a bankrupt to apply for a discharge and the approval of the record by the court without granting a discharge constitutes a judgment by default in favor of the bankrupt's then existing creditors, and a conclusive adjudication in their favor that the bankrupt is not entitled to a discharge from their claims.

2. SAME—SUBSEQUENT PROCEEDINGS—BAR.

That a bankrupt failed to apply for a discharge within the time prescribed by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], or had been denied a discharge by the court, was ground for the dismissal of a subsequent bankruptcy petition, filed to obtain a discharge from the same debts owing by him at the time he filed the prior petition; there being no assets scheduled.

3. SAME—REFERENCE—JURISDICTION—STATUTES.

Bankr. Act July 1, 1898, c. 541, § 38a, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], provides that referees are invested, subject to a review by the judges, within the limits of their districts, with jurisdiction to consider all petitions referred to them by the clerks and make the adjudications or dismiss the petitions. Held, that such provision applies only to bankruptcy petitions referred to the referee by the clerk during the absence of the judge, as provided by section 18f (30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), and has no application to a matter in bankruptcy, referred to a referee after adjudication.

4. SAME—DISMISSAL AFTER ADJUDICATION.

Bankr. Act July 1, 1898, c. 541, § 38a, cl. 4, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436], provides that referees shall perform such duties, except as to questions arising out of the application of bankrupts for composition or discharge, as are conferred by the act on courts of bankruptcy, and as shall be prescribed by rules or orders of courts of bankruptcy of their respective districts, except as otherwise provided. Iowa bankruptcy rule 11 empowers referees to exercise the duties conferred on courts of bankruptcy by Bankr. Act, § 2, clauses 2, 3, 5, 6, 7, 11, 18, 30 Stat. 545, 546 [U. S. Comp. St. 1901, pp. 3420, 3421], none of which authorize a referee

to dismiss a bankruptcy proceeding after adjudication. *Held*, that a referee in bankruptcy had no such jurisdiction, and that the proceeding could then only be dismissed by the judge, as required by section 14 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]).

5. SAME—ESTOPPEL.

That the creditors of a bankrupt proved their claims before the referee and examined the bankrupt and others at their first meeting did not estop them from pleading a prior adjudication in their favor in a former bankruptcy proceeding that the bankrupt was not entitled to be discharged from their claims as ground for dismissing· the present proceeding.

In Bankruptcy. On petition of bankrupt for review of order of referee restraining him from further prosecution of the bankruptcy proceedings, and dismissing said proceedings.

From the certificate of the referee and the record of the proceedings which he has sent therewith it appears that on January 31, 1905, the petitioner was adjudged bankrupt by this court upon his own petition, and the matter sent to a referee, who concluded the case before him and returned the record to the clerk which was duly approved by the court November 5, 1906. The bankrupt did not file a petition for discharge, and none was granted him. March 29, 1907, he filed a second petition in bankruptcy, upon which he was adjudged bankrupt by this court the same day and the matter referred to a referee. In this petition the same debts and no others are scheduled that were scheduled in the petition of January 31, 1905. No assets are scheduled. The bankrupt and others were examined by the creditors at their first meeting, and thereafter the creditors (all of them joining therein) presented to the referee a petition setting forth the former bankruptcy proceedings and the failure of the bankrupt to file a petition for discharge in such proceedings, and asked that the bankrupt be restrained from filing or presenting a petition for discharge in this proceeding, and that the proceedings be dismissed. The referee, upon a hearing of such petition, in which the facts above stated were shown, sustained the petition of the creditors, and dismissed the proceedings. The bankrupt petitions for a review of this order of the referee.

H. F. Barthell and E. P. Johnson, for the bankrupt.
E. W. Cutting, for the creditors.

REED, District Judge. The failure of the bankrupt to apply for a discharge in the first bankruptcy proceedings, and the approval of the record of such proceedings by the court without granting a discharge, are in effect a judgment by default in favor of his then existing creditors that the bankrupt was not entitled to a discharge from their claims, and that judgment is conclusive in favor of such creditors. Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477. This decision is by the Court of Appeals of this circuit, and is controlling upon this court. When, therefore, it is made to appear to the court that a bankrupt under the act of 1898, who has failed to apply for a discharge within the time prescribed by that act, or has been denied a discharge by the court, files a subsequent petition to be discharged from·the same debts owing by him at the time of filing the prior petition, and schedules no assets, the proceeding should be dismissed, because ·by the prior proceedings it is conclusively determined that he is not entitled to a discharge from those debts.

The question arises: Was the referee authorized to dismiss the proceedings, or should he have referred the petition of the creditors therefor to the court for action thereon? This question does not seem to have been raised before the referee; and it is· not made a ground of

the petition for review. The jurisdiction and duties of referees are prescribed by sections 38 and 39 of the bankruptcy act (Act July 1, 1898,.c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, pp. 3435, 3436]). Section 38a provides that:

"Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time, with jurisdiction to (1) consider all petitions referred to them by the clerks and make the adjudications or dismiss the petitions. * * * (4) perform such part of the duties, except as to questions arising out of applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided. * * * "

Clause 1 above has reference to petitions in bankruptcy which have been referred by the clerk to a referee when the judge is absent from the judicial district, or division of the district in which the petition is pending, as provided by section 18f of the act. It has no application to proceedings like this, for this petition in bankruptcy was not referred to the referee, and the matter was referred to him only after the adjudication had been made, and then only for the usual proceedings after an adjudication. Clause 4 empowers referees to perform such of the duties of the court as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as otherwise provided in the act. Rule No. 11 in bankruptcy of this district empowers referees to exercise the duties conferred upon the courts of bankruptcy by clauses 2, 3, 5, 6, 7, 11, and 18 of section 2 of the bankruptcy act. None of these, however, authorizes the referee to dismiss a bankruptcy proceeding after the adjudication.

The obvious purpose of the petition of the creditors was to prevent the bankrupt from obtaining a discharge, and the effect of the order of the referee sustaining the same and dismissing the proceedings is to determine that the bankrupt is not entitled to a discharge. This he is not authorized to do, as that duty devolves alone upon the judge. Section 14 of the act. The order of the referee dismissing the proceeding is therefore unauthorized.

There are no assets, and, so far as appears from the record, further proceedings in the matter would only be to determine the right of the bankrupt to a discharge, and he presents with an answer to the petition of the creditors a petition for discharge which he asks leave to file. Should he be permitted to do this, the creditors may interpose in opposition thereto the prior proceedings as a conclusive adjudication in, their favor that he is not entitled to the same. This would entail additional and unnecessary expense upon both the bankrupt and the creditors, which may and should be avoided. The fact that the creditors may have proved their claims before the referee in this proceeding, and examined the bankrupt and others at their first meeting, does not estop them from pleading the prior adjudication in their favor that the bankrupt is not entitled to be discharged from those claims. No element of an estoppel is involved in this action of the creditors; for, when the bankrupt filed his second petition in bankruptcy and procured himself to be adjudged bankrupt thereof, he voluntarily subjected himself to be examined by any of his creditors as authorized by the

bankruptcy act. It was through no act of the creditors that he thus subjected himself to be so examined, or that they became entitled to file and prove their claims in the bankruptcy court.

As the only purpose of this second petition in bankruptcy is to procure a discharge, and as the entire record is before the court and the facts are not in dispute, it is in the interest of all the parties that the matter be now determined; and upon the authority of Kuntz v. Young, above, the proceedings will be dismissed. It is ordered accordingly.