### In re BRAMLETT.

(District Court, N. D. Georgia. April 13, 1908.)

#### No. 2,039.

BANKRUPTCY—DISCHARGE—APPLICATION—DEFAULT—SUBSEQUENT PROCEEDINGS.

Where an involuntary bankrupt failed to apply for a discharge within the 12 months prescribed by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, (U. S. Comp. St. 1901, p. 3418), his default was equivalent to an order denying such discharge, which was res judicata in a subsequent voluntary proceeding, precluding him from obtaining therein a discharge from the debts previously scheduled.

In Bankruptcy.

E. V. Carter, for bankrupt.
Slaton & Phillips, for objecting creditor.

NEWMAN, District Judge. The bankrupt in this case was adjudged an involuntary bankrupt on February 13, 1905, his estate was administered, and the proceeds distributed among the creditors. He failed to apply for a discharge within the 12 months provided by the bankruptcy act. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418). He now brings a voluntary petition in bankruptcy, in which he schedules the same debts as were scheduled in the involuntary case, and asks for a discharge, and the discharge is objected to.

This question seems to be conclusively determined by the decisions of two Circuit Courts of Appeals. In Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477, decided by the Circuit Court of Appeals for the Eighth Circuit, in the opinion by Circuit Judge Sanborn, this is said on the subject:

"The failure of the bankrupt to apply for a discharge from his debts in the involuntary proceeding within 12 months after the adjudication foreclosed his right to such a discharge. It is only within that time that he may, under the bankruptcy law, make a lawful application to be relieved from his debts. The record of his failure to make the application in that proceeding was, in effect, a judgment by default in favor of his creditors to the effect that he was not entitled to a discharge from their claims. A judgment by default renders the issue as conclusively res adjudicata as a judgment upon a trial. The result is that the question whether or not the bankrupt was entitled to be discharged from the claims of the creditors scheduled and provable in the involuntary proceeding was conclusively determined in an action between them and the bankrupt by the record of his failure to apply for a discharge in that proceeding. But the parties to the voluntary were the same as to the involuntary proceeding, for Kuntz scheduled the same claims and creditors, and the trustee who objected to his discharge was the legal representative of the latter. The bankrupt's application for a discharge in the vol-

untary proceeding presented the same issue which had been conclusively determined against him in the involuntary proceeding, and there was no error in the refusal of the court below to reverse the former judgment and grant the application. The denial of an application for a discharge from debts provable in proceedings under one petition in bankruptcy under the act of 1898 renders the issue of a right to a discharge from those debts in a proceeding under a subsequent petition res adjudicata. A failure to apply for a discharge within 12 months after the adjudication in the earlier proceeding has the same effect"—citing Gilbert v. Hebard, 8 Metc. (Mass.) 129; In re Drisko, Fed. Cas. No. 4,090; In re Herrman (D. C.) 102 Fed. 753, 754; Id., 46 C. C. A. 77, 106 Fed. 987, 988.

This case was referred to in the subsequent case of In re Kuffler, decided by the Circuit Court of Appeals for the Second Circuit, 151 Fed. 12, 80 C. C. A. 508. In the opinion per curiam, this is said:

"Under the act of 1898 the denial of an application for a discharge from debts provable in one proceeding in bankruptcy renders the issue of the right to a discharge res adjudicata as to such debts in a subsequent proceeding; and a failure of the bankrupt to apply for a discharge within 12 months after the adjudication in the earlier proceeding has the same effect"—citing Kuntz v. Young, supra.

These two decisions by Circuit Courts of Appeals ought to be practically conclusive of this question. There can be no doubt that where there is objection to a discharge, and the matter determined against the right to such discharge, that this would be res adjudicata in another proceeding, and these decisions hold that failure to apply for a discharge within the time limited in the bankruptcy act has the same effect. This rule may work a hardship in many cases, and it probably does in this case, as contended by counsel for the bankrupt, but this cannot change the law.

The application for discharge will be denied.