## In re SCHNABEL.

(District Court, E. D. New York.   January 26, 1909.)

BANKRUPTCY (§ 418*)— INDEBTEDNESS—PRIOR PROCEEDINGS.

Where a bankrupt made no application for a discharge in original bankruptcy proceedings, a judgment subsequently perfected on a claim provable therein did not create a new debt which could form a basis for a subsequent proceeding in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 418.*]

Constantine T. Timonier, for bankrupt.
Hitchings & Palliser, for creditors.

CHATFIELD, District Judge.   The petition shows that the bankrupt was formerly a partner with one Casper Schnabel, and that the two partners filed, on or about April 24, 1899, a voluntary petition in bankruptcy in this court.   The proceedings were not terminated until the 23d day of October, 1901, and the successors in business of one of the creditors in that proceeding obtained, on or about March 10, 1902, a judgment for two claims which had been proved in the prior bankruptcy proceeding.   Neither of the bankrupts in the original proceeding applied for a discharge, nor was the question of discharge raised in any of the litigation, so far as the present record shows, until the present time.   Meantime, and upon the 8th day of May, 1908, the petitioner, Henry Schnabel, filed a voluntary petition and schedules, showing two creditors, one of whom holds the judgment obtained against the copartners, and the other debt is claimed by the creditors to be fictitious.   By stipulation the above facts have been certified to the court, and a motion to dismiss the proceedings made upon the ground that the proceedings upon the original petition are a bar to an application for a discharge from the debt, which is the same as the one claimed in the old bankruptcy proceedings.

The case is very similar to that of In re Kuffler, 155 Fed. 1018, previously decided by this court, where a judgment perfected subsequent to the time of denial of the application for discharge upon a claim provable in bankruptcy was held not to create a new debt, nor to form the basis for a subsequent proceeding in bankruptcy.   The only appreciable difference between this case and the one cited is that in the present instance no application for a discharge was made in the original proceeding, and it is therefore contended by the bankrupt that his mere default is not equivalent to a denial.   This point has been settled in the case of In re Weintraub (D. C.) 13 Am. Bankr. Rep. 711, 133 Fed. 1000, and In re Bramlett (D. C.) 161 Fed. 588, following the decisions of the Circuit Courts of Appeals in Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477, and In re Kuffler, 151 Fed. 12, 80 C. C. A. 508.   While the application of the rule in the present instance is severe, it seems to be impossible to distinguish between a bankrupt who fears to apply for a discharge and one who neglects to do so.

Unless such a distinction could be satisfactorily found, no differ-

ence in the application of the rule can be made, and for this reason the motion to dismiss, so far as a discharge against the judgment in question is concerned, must be granted.