In re VON BORRIES.

(District Court, E. D. Wisconsin.    April 7, 1909.)

BANKRUPTCY (§ 404*)—DISCHARGE—FAILURE TO APPLY—RES JUDICATA.

Failure of a bankrupt to apply for a discharge during the statutory period constitutes a conclusive determination, as between the parties then before the court, that the bankrupt is not entitled to a discharge, and precludes the bankrupt in a subsequent proceeding from obtaining a discharge, except as to debts incurred since the commencement of the former proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 690; Dec. Dig. § 404.*]

In Bankruptcy.    On objections to discharge of bankrupt.

This is an application for a discharge in a voluntary case, wherein the petition was filed November 16, 1908.    No assets were scheduled, except what were covered by the exemption laws of the state.    December 15, 1908, these exemptions were allowed by the referee.    No trustee was appointed, and the case was closed.    The usual certificate was filed by the referee February 1, 1909.    On January 19, 1909, the bankrupt filed a petition for a discharge.    Objections to a discharge were filed by a creditor on the ground that in March, 1906, Von Borries filed a voluntary petition in the Northern district of Illinois, disclosing no assets, and had made no application for a discharge, and that after the lapse of the statutory period the right to a discharge was barred by the doctrine of res adjudicata.    On the hearing the facts appeared as set out in the objections, and the question raised is whether the petitioner is barred by the record in the former case.

Thos. E. D. Bradley, for objecting creditors.
Leo Torbe, for bankrupt.

QUARLES, District Judge.    The Circuit Court of Appeals of the Eighth Circuit, in Kurtz v. Young, 131 Fed. 720, 65 C. C. A. 477, lays down the rule that the failure of the bankrupt to apply for a discharge during the statutory period of one year amounts in law to a conclusive determination as to the parties then before the court on the principle of res adjudicata.    This doctrine has been followed by several of the federal courts, among which are In re Weintraub (D. C.) 133 Fed. 1000; In re Elby (D. C.) 19 Am. Bankr. Rep. 734, 157 Fed. 935.

At first blush it would seem that the doctrine of res adjudicata cannot logically be applied in a case where no application for a discharge had been made by the bankrupt, and therefore no opportunity furnished for judicial consideration; but a broader view of the scheme embodied in the present act seems to remove the difficulty.    A voluntary petition under the act of 1898 (Act July 1, 1898, c. 541, § 1, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) is virtually a bill in equity, praying, first, a distribution of assets; second, a discharge of the bankrupt. In the instant case there were no assets for distribution, and therefore the sole scope and purpose of the petition was to secure such discharge. The jurisdiction to award a discharge rested upon the petition, while the formal motion for a discharge had no other function than to fix a time for the exercise of such jurisdiction.    The same statute that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

confers the power to grant a discharge limits its exercise to a period of one year, unless by special order such period is enlarged for six months. At the end of the eighteen months the jurisdiction of the court has lapsed. In re Fahy (D. C.) 116 Fed. 239; In re Wagner (D. C.) 139 Fed. 87. Therefore reason and authority seem to concur that as to the parties who were before the District Court for the Northern district of Illinois on the original petition the question of a discharge was practically and conclusively settled when the statutory period had expired, and cannot now be considered or reviewed in this court, and as to such claims the petition must be denied.

But by a comparison of the two schedules that are in evidence it appears that during the interval of about 2½ years between the two voluntary petitions the bankrupt has incurred additional debts. Four new creditors are listed, with claims aggregating about $300, and certain of the claims listed in the original schedules appear to have been disposed of in some way. As to the debts incurred since the proceedings in the Northern district of Illinois, and as to the creditors who were not before that tribunal, the bankrupt is entitled to a discharge; there appearing no objection which reaches such claims. In re Kuffler, 18 Am. Bankr. Rep. 16, 151 Fed. 12, 80 C. C. A. 508.

An order may be entered for a qualified discharge in accordance with this opinion.