### In re STONE.

#### (District Court, D. Oregon. October 4, 1909.)

BANKRUPTCY (§ 404*) — PRIOR APPLICATION—DISCHARGE—DEFAULT—RES JUDICATA.

Where a bankrupt, through the neglect of his attorney, failed to apply for a discharge within the time limited by Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), such failure, in effect, was a judgment by default, in favor of his creditors, that he was not entitled to a discharge, and was res judicata in a subsequent voluntary bankruptcy proceeding, in which the bankrupt scheduled the same debts and no additional assets.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 404.*]

In the matter of George T. Stone, bankrupt. Heard on objections to the granting of a discharge. Objections sustained.

B. S. Pague, for petitioner.
L. E. Latourette, for contesting creditors.

BEAN, District Judge. This is an application for the discharge of a bankrupt. From the record it appears that in December, 1904, the petitioner was adjudged a bankrupt by the District Court of the Southern District of West Virginia, and his estate administered upon and the proceeds distributed among his creditors by that court. He failed, however, through the neglect of his attorney, to apply for a discharge within the time provided by the bankrupt act (Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), but on May 26, 1908, filed a voluntary petition in bankruptcy in this district, in which he scheduled the same debts, and no additional assets, as were scheduled in West Virginia. He now asks for a discharge, but it is objected to by the creditors on the ground that the matter is res adjudicata.

The law seems to be settled that the failure of a bankrupt to make a lawful application for his discharge within the time limit in section 14 of the bankrupt act is, in effect, a judgment by default, in favor of his creditors, to the effect that he is not entitled to a discharge from their claims, and is as conclusive as a judgment upon a trial. He cannot institute a subsequent proceeding in bankruptcy for the mere purpose of obtaining a discharge from debts scheduled and provable in the former proceeding, and the court should dismiss the latter as soon as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the real purpose is called to its attention. This has been so often decided that it is enough to refer to the authorities. Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477; In re Schnabel (D. C.) 166 Fed. 383; The Pokanoket (D. C.) 161 Fed. 588; In re Silverman, 157 Fed. 675, 85 C. C. A. 224; In re Kuffler, 151 Fed. 12, 80 C. C. A. 508. This rule may, and no doubt does, work hardship in many instances; but this cannot change the law.

The application for a discharge is denied, and the proceeding dismissed.