In re WESTBROOK.

(District Court, N. D. Alabama, S. D.    April 20, 1911.)

No. 10,146.

1. LIMITATION OF ACTIONS (§ 182*)—NATURE OF DEFENSE.
   The defense of limitations is personal to the debtor, and, if not specially pleaded when the claim is sued on, is unavailable.
   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–682, 695, 705; Dec. Dig. § 182.*]

2. BANKRUPTCY (§ 405*)—DISCHARGE—OBJECTIONS—CAPACITY OF CREDITOR.
   That a creditor's claim was barred by limitations at the time he filed objections to the bankrupt's discharge did not deprive him of a subsisting cause of action, so as to bar his right to object.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 405.*]

3. BANKRUPTCY (§ 405*)—DISCHARGE—OBJECTIONS—LIMITATION.
   Where limitations had not run against a creditor's claim against the bankrupt when specifications of objections to the bankrupt's discharge were filed by the creditor, the fact that the claim was barred before the hearing of the application was immaterial.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 405.*]

4. BANKRUPTCY (§ 404*)—FORMER PROCEEDINGS—DISCHARGE—FAILURE TO APPLY.
   Where a bankrupt failed to apply for a discharge on a former petition within the time allowed, the denial of his discharge was res judicata, precluding his discharge from debts then scheduled, and rescheduled in his subsequent petition.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 404.*].

5. BANKRUPTCY (§ 421*)—DISCHARGE—LIMITATIONS.
   Where a bankrupt was not entitled to a discharge as to certain debts scheduled in a former proceeding, the court had power to limit a subsequent discharge, so as to exclude such claims.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 421.*]

In the matter of bankruptcy proceedings of one Westbrook. On objections by a creditor to the bankrupt's discharge. Sustained.

L. J. Cox, for objecting creditor.
Robert J. Wheeler, for bankrupt.

GRUBB, District Judge. [1] This matter comes on to be heard upon the objection of a creditor to the application of the bankrupt for his discharge. The bankrupt denies the right of the objecting creditor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to appear and object as a party in interest, because his claim has become barred by the statute of limitations, after the filing of the specifications of objections, but before the hearing of the application. The statute of limitations does not destroy the cause of action, but merely affects the remedy. If not specially pleaded by the debtor, when the claim is sued on, judgment would go against him. The defense is personal, and waived by a failure to plead.

[2] In view of the nature of the defense, there is left in the creditor a subsisting cause of action, in spite of the running of the statute. He is therefore a party in interest, even thereafter, in resisting the discharge.

[3] Again, when the specification of objection was filed by the creditor, the statute had not run. He was then a party in interest, and it seems to me the time as of which this interest is to be determined is the time of the beginning of the opposition to a discharge.

[4] The bankrupt had filed a prior petition, had been adjudicated under it, and had failed within the statutory time to apply for his discharge under the first petition. The objecting creditor was scheduled under the first petition, as well as under the second. The only ground of objection to the discharge is that, as to the objecting creditor, failure to apply for a discharge under the first petition within the time allowed can be offered as res adjudicata to an application to be discharged from the same debt under the second petition, and that the discharge should be restricted, so as to except the debt of the objecting creditor from its operation.

[5] While the right of the bankruptcy court to so limit the discharge admits of doubt, following the authorities cited below, which constitute the great weight of authority, a discharge will be granted the bankrupt, excluding from its operation the debt of Odum & Bowers, the objecting creditor. Collier on Bankruptcy (8th Ed.) p. 259; Remington on Bankruptcy, § 2438, p. 1474; In re Pulliam (D. C.) 22 Am. Bankr. R. 513, 171 Fed. 595; In re Kuffler (D. C.) 19 Am. Bankr. R. 181, 155 Fed. 1018, and same case 22 Am. Bankr. R. 289, 168 Fed. 1021, 93 C. C. A. 671; In re Levenstein (D. C.) 24 Am. Bankr. R. 822, 180 Fed. 957; Pollet v. Cosel, 24 Am. Bankr. R. 678, 179 Fed. 488, 103 C. C. A. 68; In re Schnabel (D. C.) 23 Am. Bankr. R. 22, 166 Fed. 383.

If the bankruptcy court has no authority to limit the discharge, no injury is done, since the court in which the discharge is pleaded will give effect to the discharge, disregarding the limitation. On the other hand, if the court in which the discharge is pleaded can give restricted effect to it, only when the limitation is placed in it by the bankruptcy court, injustice will be done, if it is not inserted, if the bankrupt is rightfully concluded by his failure to seasonably apply for his discharge under the first petition, and authority and reason concur in this last conclusion.

The propriety of resolving the doubt as to the matter of procedure in favor of the objecting creditor is therefore manifest.