In re BACON.

## BACON v. BUFFALO COLD STORAGE CO.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1912.)

No. 2,205.

1. BANKRUPTCY (§ 404*)—DISCHARGE—FAILURE TO APPLY FOR—EFFECT.

Failure of a bankrupt to apply for a discharge within the time fixed by Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), bars his right to a discharge under a subsequent petition in bankruptcy, in which no new assets are scheduled, as to creditors who held claims provable under the first petition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 404.*]

2. BANKRUPTCY (§ 405*)—DISCHARGE—OBJECTIONS—ESTOPPEL.

A bankrupt's creditor who held a provable claim under a former proceeding is not estopped to object to the bankrupt's discharge for failure to apply therefor in the first proceeding, because the creditor proved his claim in the second proceeding, where the bankrupt scheduled no assets which were not exempt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 405.*]

Pardee, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Texas.

In the matter of Herschel Martin Bacon, bankrupt. From an order of discharge, the bankrupt appeals, so far as the order excepts debts due the Buffalo Cold Storage Company. Affirmed.

This is an appeal from an order of the District Court for the Northern District of Texas granting the bankrupt his discharge. The appeal is taken by the bankrupt, and the order is complained of by him because of the following limitation placed by the court in the discharge: "And excepting also such debts as were provable in certain proceedings in bankruptcy in the District Court of the United States for the Western District of New York, wherein on June 19, A. D. 1903, said Herschel Martin Bacon was duly adjudged a bankrupt." The record shows that on June 19, 1903, the bankrupt filed a voluntary petition in bankruptcy in the District Court for the Western District of New York, and was on the same day adjudicated a bankrupt; that in that proceeding he scheduled certain creditors, among them the appellee, who were also scheduled by him in the present petition; and that the bankrupt failed, within the time allowed by law, to apply for his discharge under the first petition, a discharge having never been either granted or denied under it. Afterwards the bankrupt moved to and became a bona fide resident of the Northern District of Texas, and on April 18, 1910, filed in that district a second petition, scheduling creditors who had provable debts under the original petition, as well as others, but no new assets. He was adjudicated on the 27th day of April, 1910, and on the 19th day of May applied to the court for his discharge. His application was resisted by the appellee on several grounds, but the District Court ruled adversely to appellee on all of them, except that the matter of his discharge had become res adjudicata by his failure to apply for it under the first petition within the statutory period, as to creditors having provable debts against him under the first petition. The court, taking this view, excepted from the operation of the discharge all debts provable under the first petition, and it is from the order granting the discharge, so limited, that the appeal is taken.

John J. Ryan and Sam J. Hunter, for appellant.
E. M. Browder, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). [1] The appeal presents the single question whether the failure of a bankrupt to apply for a discharge within the time required by law under an earlier petition is a good ground for denying his discharge when applied for by the bankrupt under a later petition, in which no new assets are scheduled, as to creditors who held provable claims under the first petition, and whether it is proper to grant the discharge limiting the operation of it in cases, as in this case, in which there are also creditors whose claims are not provable under the first petition, to such claims.

Section 1, subd. 12, Act 1898, defines a discharge as "the release of the bankrupt from all his debts which are provable in bankruptcy, except such as are excepted by this act." Section 14 provides that the court shall grant the discharge unless upon the hearing it appears that the bankrupt has done any one of the six certain things specified in the section. No one of them covers the ground for denying this bankrupt's discharge by the court below. Section 17 provides that a discharge shall release a bankrupt from all his provable debts except four classes therein specified, none of which includes the debts excepted from the operation of this bankrupt's discharge by the court below. The argument is made with force, as this bankrupt was not shown to have been guilty of any offense depriving him of the right to a discharge, and as the excepted debts were provable in bankruptcy, and not comprised in any of the excluded classes, their exclusion, in effect, ingrafts on the bankruptcy act an additional ground for denying a discharge, by implication, when the act expresses the grounds for denying the bankrupt his discharge and the classes of debts excluded from its operation when granted.

The only express limitation upon the bankrupt's right to renew his application for a discharge is the fifth ground mentioned in section 14, that in voluntary proceedings the bankrupt has been granted a discharge in bankruptcy within six years. His right to renew his application in the event of a former denial or a failure to apply for a discharge within the required time has no expressed limitation in the bankruptcy act. If none is to be implied, it is open to the bankrupt, who has been denied a discharge after contest, to immediately file a second petition, and, within 30 days, renew his application and compel his creditors to relitigate his right to a discharge; and, in the event of the bankrupt's failure to obtain his discharge under the second petition, to file a third and others without limit for the same purpose, and in the meantime prevent his creditors from collecting debts as to which he has been repeatedly held not to be entitled to a discharge. So the bankrupt could accomplish the same thing by intentionally failing to apply for his discharge within the statutory time, if convinced that he was not entitled thereto, and when pursued by his creditors, filing other petitions, without limit as to number, and thus suspending indefinitely the collection of debts as to which he had

no right to be discharged in bankruptcy. Such a situation would make the bankruptcy law in its practical administration oppressive and intolerable, and has led the courts to read into the law, by implication, the common-law principle of res adjudicata as a defense to an application for a discharge by a bankrupt who has already applied for a discharge from the same debt under a former petition and been denied it, or who, having filed a former petition, has failed to apply for his discharge thereunder until after the expiration of the time fixed by law therefor.

The principle is stated by the Circuit Court of Appeals for the Eighth Circuit in the case of Kuntz v. Young, 131 F. 719, 65 C. C. A. 477, as follows:

"A failure of the bankrupt to apply in due time for, or a refusal by the court to grant a discharge from the debts provable under one petition in bankruptcy, renders the question of a right to a discharge from those debts in a proceeding under a subsequent petition res adjudicata."

This case has been followed by the Circuit Courts of Appeals for the First and Second Circuits as well as by numerous District Courts, and to secure uniformity of decision in the different circuits, if for no other reason, we incline to this view. Bluthenthal v. Jones, 208 U. S. 64–66, 28 Sup. Ct. 192, 52 L. Ed. 390 (dictum); Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477; In re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 409 (Second Circuit); In re Kuffler, 151 Fed. 12, 80 C. C. A. 508 (Second Circuit); Id., 168 Fed. 1021, 93 C. C. A. 671 (certiorari denied by Supreme Court, 214 U. S. 520, 29 Sup. Ct. 701, 53 L. Ed. 1066); In re Silverman, 157 Fed. 675, 85 C. C. A. 224 (Second Circuit); In re Elby (D. C.) 157 Fed. 935; In re Stone (D. C.) 172 Fed. 947; In re Bramlett (D. C.) 161 Fed. 588; Pollet v. Cosel, 179 Fed. 488, 103 C. C. A. 68 (First Circuit) 30 L. R. A. (N. S.) 1164; In re Weintraub (D. C.) 133 Fed. 1000; In re Schnable (D. C.) 166 Fed. 383; In re Pullian (D. C.) 171 Fed. 595; In re Levenstien (D. C.) 180 Fed. 957; In re Westbrook (D. C.) 186 Fed. 414.

Doubt has arisen as to the procedure in cases in which the bankrupt is held to be entitled to his discharge under the second petition from certain debts incurred subsequently to the filing of the first petition, but not as to such debts as were provable under the first petition. As the matter relates to the effect of a discharge upon a particular debt or debts, it would seem that the creditor should be remitted to the court in which he seeks to enforce his debt, to limit its effect, if pleaded by the bankrupt, as a discharge from it. In the case of Bluthenthal v. Jones, 208 U. S. 64, 28 Sup. Ct. 192, 52 L. Ed. 390, the Supreme Court said, as to the effect of an unlimited discharge granted under a second petition and without opposition from the creditor who sought to limit its effect when pleaded in a subsequent action to enforce the debt:

"Undoubtedly, as in all other judicial proceedings, an adjudication refusing a discharge in bankruptcy, finally determines, for all time and in all courts, as between those parties or privies to it, the facts upon which the refusal was based. But courts are not bound to search the records of other courts and give effect to their judgments. If there has been a conclusive adjudication of a subject in some other court, it is the duty of him who relies

upon it to plead it or in some manner bring it to the attention of the court in which it is sought to be enforced. Plaintiffs in error failed to do this. When an application was made by the bankrupt in the District Court for the Southern District of Florida, the judge of that court was, by the terms of the statute, bound to grant it, unless upon investigation it appeared that the bankrupt had committed one of the six offenses which are specified in section 14 of the bankruptcy act as amended. An objecting creditor might have proved upon that application that the bankrupt had committed one of the acts which barred his discharge, either by the production of evidence or by showing that in a previous bankruptcy proceeding it has been conclusively adjudicated, as between him and the bankrupt, that the bankrupt had committed one of such offenses. If that adjudication had been proved, it would have taken the place of other evidence and have been final upon the parties to it. But nothing of the kind took place. Bluthenthal & Bickart intentionally remained away from the court, and allowed the discharge to be granted without objection."

From this it appears to be required that the granting of the discharge under a second petition be resisted by objecting creditors with claims provable under a first petition. If so, the bankruptcy court must have authority in its order of discharge to limit the effect of the discharge and to except from its operation all debts provable under the former petition. In some cases the court has accomplished this by enjoining the bankrupt from applying for a discharge as to such debts. In re Pullian (D. C.) 171 Fed. 595; In re Kuffler, 168 Fed. 1021, 93 C. C. A. 671. In others, as in the present case, the order of discharge has been so drawn as to except from its operation debts provable under the first petition. Pollet v. Cosel, 179 Fed. 488, 103 C. C. A. 68, 30 L. R. A. (N. S.) 1164; In re Von Borries (D. C.) 168 Fed. 718; In re Westbrook (D. C.) 186 Fed. 414. If the District Court has authority to limit the discharge so as to except from its operation debts of this character, it seems clear that it has authority to express the limitation and exception in the order granting the discharge, though the Supreme Court form of discharge contains no such exception. The more convenient practice, if permissible, is that adopted by the court below in this case, to which we adhere.

[2] It is contended by the appellant that the appellee has estopped itself from disputing the application of the discharge to its claim by reason of having filed and proven its claim in the second proceeding. No dividend has been paid appellee or other creditors of the bankrupt, nor can any be paid, since the only asset scheduled by the bankrupt is a suit of clothes, which he claims and is entitled to as exempt. What effect as an estoppel, if any, the receipt of dividends by the objecting creditor, under the second petition, would have is not presented by the facts of this case. An estoppel is always predicated on some election resulting in benefit to the person estopped or detriment to the person in whose favor the estoppel operates. The filing and proving of the claim without the receipt or the expectation of receipt of a dividend can be of no benefit to the appellee and of no detriment to the bankrupt, and there is nothing in the doing of it on which to predicate an estoppel. This was expressly held in the case of In re Elby (D. C.) 157 Fed. 935. 16 Cyc. pp. 744–746; 2 Pomeroy Equity Jurisprudence, § 805; Bigelow on Estoppel, 644.

If the court below had no authority to incorporate in the order

granting the discharge the exception complained of, no injury can result therefrom to the bankrupt, for in that case the exception would be a nullity, leaving the discharge unconditional, and it could be pleaded with unimpaired effect in an action to enforce the appellee's claim.

The order granting the discharge is affirmed.

SHELBY, Circuit Court (concurring). . A person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending. If it be shown to the judge that he was unavoidably prevented from filing it within twelve months, it may be filed within, "but not after the expiration of, the next six months." Section 14, Bankr. Act 1898 (30 Stat. 544). This is clearly a limitation of 12 months in which to make application for the discharge, with authority conferred on the court to extend it for six months. After the expiration of 18 months, an application for a discharge would be rightfully dismissed; in fact, it has been held that the court has no jurisdiction to grant it. In re Fahy (D. C.) 116 Fed. 239 (Judge Shiras); In re Wagner (D. C.) 139 Fed. 87 (Judge Hawley); 2 Remington on Bankruptcy, § 2727, and cases cited. Section 14 clearly shows the legislative intention to limit the right to make the application, the period within which the bankrupt must act being specifically stated. If, after the expiration of the time, the bankrupt, by contracting new debts and instituting a second proceeding, could obtain a discharge from debts provable or proved in the first proceeding, the intention of Congress would be defeated. Such construction would make the limitation ineffectual, because the bankrupt could avoid it by instituting the second proceeding. The result of the decisions of the Circuit Courts of Appeals cited by Judge GRUBB is right, I think, as a construction of the act based on the intention shown by the prescribed limitation. To construe the act otherwise would be to ingraft on it a mode of extending the time for obtaining a discharge beyond 18 months. It seems to me, therefore, that the conclusion is correct as a construction of the act, whether the doctrine of res judicata is applicable or not, that a bankrupt, after the expiration of 18 months from adjudication, is not entitled, on a second proceeding, to a discharge from debts provable in the first.

I concur in the opinion that the order should be affirmed.

PARDEE, Circuit Judge (dissenting). In the opinion of the court the case is fairly stated and discussed, but I do not agree with the disposition made of it. There is nothing in the bankruptcy act of 1898 and amendments thereto which in my judgment expressly or impliedly limits and restricts any "person who owes debts" to one petition to be adjudged a voluntary bankrupt. On the contrary, the fourteenth section seems to actually contemplate the filing of a second petition. In Bluthenthal v. Jones, 208 U. S. 64, 28 Sup. Ct. 192, 52 L. Ed. 390, the Supreme Court holds that in a case where a discharge upon objection of a creditor was refused on the first petition, and a

second petition was filed and thereon a discharge granted releasing the bankrupt from debts that were provable under the statute at the time of the first proceeding, the discharge was valid, because not opposed. And in the present case, the second petition, although practically denied, is not dismissed:

So I take it a bankrupt may make more than one application to be released from his debts, and, if he may, then on a second petition he is entitled to the discharge from all provable debts, as declared in the bankruptcy law.

In Bluthenthal v. Jones, supra, the court says:

"Section 1 of the bankruptcy act defines a discharge as 'the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act.' Section 14 of the amended act, which was applicable to the second proceedings, provides that after due hearing the court shall discharge the bankrupt, unless he has committed one of the six acts specified in that section. Section 17 of the amended acts provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with four specified exceptions, which do not cover this case. The discharge appears to have been regularly granted, and as the debt due to Bluthenthal & Bickart is not one of the debts which, by the terms of the statute, are excepted from its operation, on the face of the statute the bankrupt was discharged from the debt due to them."

What debtor shall be discharged in bankruptcy is a question of public policy exclusively vested in the Congress when it sees proper to act as it has done in the act of 1898, and it is not within the province of the courts to enlarge the disabilities or restrict the relief provided in the statute.

As noted in Bluthenthal v. Jones, supra, section 14 of the bankruptcy act as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310) provides:

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained; or (3) obtained money or property on credit upon a materially false statement in writing, made by him to any person or representative for the purpose of obtaining credit from such person; or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors; or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years; or (6) in the course of the proceedings in bankruptcy refused to obey any lawful order of or to answer any material question approved by the court."

To this law my brethren practically add a clause like this: (7) Some time previous been adjudicated a bankrupt, and failed in that proceeding to apply for a discharge. To thus hold, my brethren rely upon decisions of courts in other circuits, and the cases cited are of two classes: (1) Where in a previous bankruptcy proceeding application for a discharge had been applied for and refused; (2) where in the previous bankruptcy proceeding no application for discharge

was made. In these cases, the reasons for not applying do not appear, except in one—In re Stone (D. C.) 172 Fed. 947—where it was said that it was through the neglect of the bankrupt's attorney. In the first class—In re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 409, and others following—I concur. In those cases the issue of discharge or not was made. The court tried the same and decided as to the right. This view is supported by the argument in Bluthenthal v. Jones, supra. In the second class, I am not in accord with the reasoning and do not think those cases should be followed.

It is not clear how where no issue is made and no question presented, nor any decision rendered, there can be "a thing judicially decided" or "a matter adjudged." An estoppel under the statute might be claimed if there were anything in the statute to base it on; but, as said above, I do not find it there. As the statute leaves it optional with the bankrupt to apply for a discharge, in cases where he does not apply there is no estoppel by record nor by judgment. In this case it does not appear that the proceedings on appellant's first petition have ever been closed by judgment of any kind.

In fixing the time in which a discharge could be applied for, it was not intended by the lawmaker to provide a hard and fast rule which would prevent relief to unfortunate debtors who, because of negligence attributable to inexperienced and careless attorneys, or to sickness and poverty and other calamities that litigants frequently suffer from, fail to apply promptly for a discharge; but the lawmaker was so far looking to the interest of creditors with provable debts as to obviate the necessity, if they wished to oppose the discharge, of watching the case indefinitely. A subsequent petition would require notice to the creditors. Therefore it is easily seen why the time limit should be enforced and the bankrupt remitted to another proceeding, as was actually the method followed in the early cases. In re Wolff (D. C.) 100 Fed. 430; In re Claff (D. C.) 111 Fed. 506; In re Fahy (D. C.) 116 Fed. 239.

It seems to be objected to the appellant, and therefore as prejudicing his right to a discharge under a petition filed more than six years after his first, that his new schedules show old and new debts, but no assets. It is generally understood that under the bankruptcy law debts are essential, assets non-essential.

The majority opinion concludes as follows:

"If the court below had no authority to incorporate in the order granting the discharge the exception complained of, no injury can result therefrom to the bankrupt, for, in that case, the exception would be a nullity, leaving the discharge unconditional, and it could be pleaded with unimpaired effect in an action to enforce the appellee's claim."

The effect of this is to turn over the matter of appellant's discharge to be litigated in any court where his creditors see fit to sue him. I think the bankruptcy law was intended to release the provable debts of every unfortunate debtor entitled to the benefit of its provisions.

In my opinion, the appellant is entitled to a discharge in the form (section 59) prescribed by the Supreme Court, and with no other exceptions attached.