## SIEBERT v. DAHLBERG.

(Circuit Court of Appeals, Eighth Circuit. November 10, 1914.)

### No. 3975.

BANKRUPTCY (§ 404*)—APPLICATION FOR DISCHARGE—FAILURE TO APPLY— SUBSEQUENT PROCEEDINGS.

Where more than six years before petitioner had been adjudged a bankrupt in a like proceeding in another jurisdiction, but failed to apply for and obtain a discharge within the time limited, the fact that whether the bankrupt had committed an act which barred his discharge, or whether the debts were of such a nature as to exempt them, was not affirmatively determined in the prior proceeding, did not render the bankrupt's omission equivalent to a dismissal without prejudice; it being res judicata, so as to bar the bankrupt from obtaining a discharge from such debts in a subsequent proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 679, 681–691; Dec. Dig. § 404.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

In the matter of bankruptcy proceedings of Gustav Adolph Siebert. S. W. Dahlberg having filed objections to the bankrupt's discharge, a limited order discharging him from certain debts was entered, from which he appeals. Affirmed.

Collins, Barker & Britton and A. P. Wagner, all of St. Louis, Mo., for appellant.

Abbott & Edwards, of St. Louis, Mo., for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an appeal by Siebert, a voluntary bankrupt, from a limitation of the order discharging him from his debts. More than six years previously he had been adjudged a bankrupt in a like proceeding in another jurisdiction, but failed to apply for and obtain a discharge within the time limited by the Bankruptcy Act. In the present case the trial court held that this failure to apply for and obtain a discharge operated as a decree by default that he was not entitled to it, and therefore as res judicata in respect of the debts then scheduled and provable. It accordingly qualified its order by excepting them. Whether the bankrupt had committed an act which barred his discharge or whether the debts in question were of such a nature as to exempt them was not affirmatively determined in the first proceeding. The trial court attached that consequence solely because the bankrupt failed to move to a discharge.

It is argued that the failure was equivalent to a dismissal without prejudice, leaving the bankrupt free to renew his effort in a subsequent proceeding. There is force in the argument, but it is foreclosed in this court. Kuntz v. Young, 65 C. C. A. 477, 131 Fed. 719; Romine v. Miller, 89 C. C. A. 664, 163 Fed. 1022. The authorities generally are the same way. See In re Kuffler, 80 C. C. A. 508, 151 Fed. 12; Id. (D. C.) 144 Fed. 445; In re Silverman, 85 C. C. A. 224, 157 Fed. 675; Pollet v. Cosel, 103 C. C. A. 68, 179 Fed. 488, 30 L. R. A. (N. S.) 1164; In re Bacon, 113 C. C. A. 358, 193 Fed. 34; In re Weintraub (D. C.) 133 Fed. 1000; In re Elby (D. C.) 157 Fed. 935; In re Bramlett (D. C.) 161 Fed. 588; In re Schnabel (D. C.) 166 Fed. 383; In re Von Borries (D. C.) 168 Fed. 718; In re Pullian (D. C.) 171 Fed. 595; In re Stone (D. C.) 172 Fed. 947; In re Levenstein (D. C.) 180 Fed. 957; In re Westbrook (D. C.) 186 Fed. 414.

The order is affirmed.