In re COOPER et al.

(District Court, D. New Jersey. September 20, 1916.)

1. BANKRUPTCY ⟨⟩404(2)—DISCHARGE—DEBTS DISCHARGED—EFFECT OF PRIOR PROCEEDINGS.

The failure of a bankrupt to apply for a discharge in a previous proceeding precludes him in a subsequent proceeding from procuring a discharge from the debts which were scheduled and provable in the former.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 690; Dec. Dig. ⟨⟩404(2).]

2. BANKRUPTCY ⟨⟩404(2)—DISCHARGE—QUALIFIED DISCHARGE.

In such case, where debts have been incurred since the former proceeding from which the bankrupt is entitled to a discharge, he may be granted a qualified discharge, excepting the old debts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 690; Dec. Dig. ⟨⟩404(2).]

In Bankruptcy. In the matter of Stephen A. Cooper and others, bankrupts. On exceptions to special master's report recommending that a qualified discharge be granted the bankrupts, excluding certain debts scheduled in prior bankruptcy proceedings in which bankrupts failed to procure a discharge. Report confirmed, and discharge granted.

Merritt Lane, of Jersey City, N. J., for bankrupts.
Henry C. Moses, of New York City, for objecting creditors.

HAIGHT, District Judge. [1] This matter presents two questions for decision, viz.: (1) Whether the failure of a bankrupt to apply for a discharge in a previous proceeding precludes him, in a subsequent proceeding, from procuring a discharge from the scheduled and provable debts in the former; and (2) if so, whether in such subsequent proceeding, when it appears that there are debts which have been incurred since the first proceeding, and from which he is entitled to a discharge, he may be granted a qualified discharge, excepting the old debts. The first question has been conclusively settled in this circuit in the affirmative by the decision of the Circuit Court of Appeals in Loughran v. Hazleton Mercantile Co., 218 Fed. 619, 134

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. C. A. 377. To the same effect is the decision of Judge Lanning in this district. In re Weintraub (D. C.) 133 Fed. 1000.

[2] I unhesitatingly conclude, both upon reason and authority, that the second question must likewise receive an affirmative answer. Although it does not seem to have been directly passed upon in any reported decision in this district, or by the Circuit Court of Appeals of this circuit, it has been decided, in the way above stated, by such an overwhelming weight of authority that it should be considered, in the absence of an authoritative decision to the contrary, as settled. In re Kuffler, 151 Fed. 12, 80 C. C. A. 508 (C. C. A. 2d Cir.); Id., 155 Fed. 1018 (D. C.), affirmed 168 Fed. 1021, 93 C. C. A. 671 (C. C. A. 2d Cir.); Pollet v. Cosel, 179 Fed. 488, 103 C. C. A. 68, 30 L. R. A. (N. S.) 1164 (C. C. A. 1st Cir.); Bacon v. Buffalo Cold Storage Co., 193 Fed. 34, 113 C. C. A. 358 (C. C. A. 5th Cir.); Siebert v. Dahlberg, 218 Fed. 793, 134 C. C. A. 460 (C. C. A. 8th Cir.); In re Von Borries, 168 Fed. 718 (D. C. Wis.); In re Pullian, 171 Fed. 595 (D. C. Tenn.); In re Westbrook, 186 Fed. 414 (D. C. Ala.). In both the Kuffler Case and Bacon v. Buffalo Cold Storage Co., supra, writs of certiorari were denied by the Supreme Court. Kuffler v. Hinsdale Smith & Co., 214 U. S. 520, 129 Sup. Ct. 701, 53 L. Ed. 1066; Bacon v. Buffalo Cold Storage Co., 225 U. S. 701, 32 Sup. Ct. 836, 56 L. Ed. 1264. If the decision of the District Court of Massachusetts, in the case of In re Claff, 111 Fed. 506, may be considered as not in harmony with the decisions above cited, it is clearly overruled by the Circuit Court of Appeals in that circuit in Pollet v. Cosel, supra. In addition, it can be accorded no weight, since the premise upon which the procedure there followed is based—that a discharge in a second proceeding, if obtained, would be no bar to a suit upon a debt scheduled under the first and not proved under the second—is incorrect, in view of the subsequent decision of the Supreme Court in Bluthenthal v. Jones, 208 U. S. 64, 28 Sup. Ct. 192, 52 L. Ed. 390.

As a denial of a discharge, or the failure to apply for the same within the time limited by the statute, bars one from thereafter procuring, in that or any other bankruptcy proceeding, a discharge from debts existing at the time of the first proceeding, and as the failure to interpose such denial or failure as an objection to the granting of a discharge in a subsequent proceeding prevents a creditor from availing himself thereof, when the discharge thus granted is pleaded as a bar to recovery on the creditors' claim (Bluthenthal v. Jones, supra), and as a bankrupt is undoubtedly entitled to a discharge from such debts as have accrued since the first bankruptcy proceeding, it must follow that the courts may except from a discharge any debts from which the bankrupt is not entitled to be discharged because of previous denial of or failure to apply for a discharge within the time limited by law. Otherwise they would be left in the position of either denying the bankrupt a discharge from debts to which he is entitled to be discharged, or of discharging him from debts from which he is not so entitled. Surely such a condition was never intended by Congress. The refusal to grant a discharge as to certain

debts, which are not within the express exceptions of the statute, is to not read into the statute an additional exception, but merely to give effect, under circumstances such as in this case, to a limitation which Congress has imposed, namely, that the application for a discharge must be made within a certain specified time, and thus to prevent a bankrupt from procuring indirectly what the law denies him the right to procure directly. This, I think, is the logical result of the reasoning upon which the decision in Loughran v. Hazleton Mercantile Co., supra, is based.

The bankrupts in this case had been adjudged such in the Southern district of New York in 1906, but, for the purposes of this case, may be considered as having failed to apply for a discharge within time. They then filed a voluntary petition in this court and were adjudged bankrupts; but, upon the New York proceedings being brought to the attention of the court, all proceedings in this court were stayed. The latter order has never been vacated. In 1912 they filed another voluntary petition in this court, were duly adjudged bankrupts, and thereafter presented their petition for discharge. As a number of claims are scheduled in the present proceeding which were also scheduled in the proceedings in the Southern district of New York, and as the schedules in this proceeding include debts incurred since the New York proceedings were instituted, the bankrupts are entitled to a discharge, in the usual form, from all of their provable debts, except those which were scheduled and provable in the bankruptcy proceedings in the Southern district of New York.

The master's report will accordingly be confirmed, and an order for discharge entered in conformity with these conclusions.