## In re FIEGENBAUM.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

### No. 19.

1. BANKRUPTCY—REFUSAL OF DISCHARGE—SECOND PROCEEDING.
   A bankrupt who has been refused a discharge because of fraudulent concealment of assets from the trustee may not, a few months thereafter, file a new petition alleging the same facts, and prosecute a new application for discharge.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

On petition to review order vacating the stay theretofore granted, and permitting the bankruptcy proceedings to continue before the referee, and refusing to enjoin the bankrupt from prosecuting an application for his discharge.

William S. Maddox and Francis L. Noble, for petitioners.
Ignace I. Apfel and I. Gainsburg, for bankrupt.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. The simple question presented by this review is whether a bankrupt, who has been refused a discharge, after full hearing, on the ground that he has fraudulently concealed assets from the trustee, will be permitted, within a few months thereafter, to file a second petition alleging the same facts and prosecute a new application for a discharge. It is admitted that the debts and assets in the two petitions are identical except that there is a difference of $8 in the amount of property claimed as exempt. There is no attempt to disguise the fact that the purpose of the present proceeding is to obtain the discharge which the court refused to grant. The judgment of the court refusing the discharge in the first proceeding remains in full force, no appeal having been taken.

We do not deem it necessary to decide whether the bankruptcy proceedings should be dismissed in such circumstances, but we are clearly of the opinion that the bankrupt should be restrained from filing and prosecuting a second application for a discharge. Not only should the court of bankruptcy protect the creditors from an attempt to retry an issue already tried and determined between the same parties, but the court, for its own protection, should arrest, in limine, so flagrant an attempt to circumvent its decrees.

Assuming that this proceeding is allowed to go on, what will be the result? The bankrupt will present a petition for discharge; the creditors will file specifications alleging the same grounds of opposition, the issue thus joined will be referred in due course and the referee and the judge will thereafter be called upon to decide the same questions which have already been determined, upon the same proof and between the same parties. It is true that in such circumstances it is probable that the same conclusion will be reached, but why should the creditors be harassed by further proceedings? Why should they be compelled to employ counsel and expend their money in trying again and again a question upon which the bankrupt has had his day in court? For if his contention be correct there is nothing to prevent him from filing a third petition if his discharge be again refused and so on ad infinitum.

A proceeding in bankruptcy is in the nature of a bill in equity in which the bankrupt is complainant and the creditors are defendants. Where a discharge is refused on the merits the judgment inures to the benefit of all the creditors. Both parties are bound by it and neither party should be permitted to try the same question again; it is res judicata.

We have proceeded upon the assumption that in the present proceeding the creditors can avail themselves of the same objections interposed in the former proceeding and sustained there. If for technical reasons or otherwise they are prevented from doing this the inequity of this attempt to procure a discharge is still more apparent. It is the contention of the bankrupt's counsel that this is an entirely new and distinct proceeding and in this view he is undoubtedly correct.

Can the misconduct of the bankrupt in the former proceeding be imported into this proceeding? Suppose the creditors should again interpose the objection that the bankrupt has "knowingly and fraudulently concealed while a bankrupt * * * from his trustee property belonging to his estate," can they prove the allegation by showing that he has been guilty of this misconduct in some former bankruptcy? Does not the statute refer to the pending proceeding and the trustee then in esse? If so, it will be at once apparent that the creditors may in many instances be remediless and the second petition may be used to consummate the most glaring frauds. The same observations are true regarding the failure to keep books, etc. This must be done with intent to conceal the bankrupt's true financial condition and in contemplation of bankruptcy. What bankruptcy? The present or some previous bankruptcy?

Other considerations of a similar nature might be suggested as showing the questions which may arise if this unjustifiable proceeding be permitted to continue. They are advanced tentatively and without intending to express any opinion as to whether they are tenable or not, our sole purpose being to demonstrate the proposition that the creditors having succeeded upon the question of the discharge ought not to be called upon to face a situation where they may be defeated on technicalities by a clever maneuver of the bankrupt.

All the facts constituting the estoppel are before the court; they cannot be changed by any subsequent testimony. The bankrupt is not entitled to prosecute proceedings for a discharge, the debts and assets being the same as in the former case, and, therefore, he should not be permitted to begin such proceedings.

We are of the opinion that the stay, in so far as it restrained the bankrupt from filing a petition for a discharge, should have been continued and to this extent the order of the district court is reversed with instructions to proceed in accordance with this opinion.