## KUNTZ v. YOUNG.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1904.)

No. 2,029.

1. BANKRUPTCY—DISCHARGE—FAILURE TO APPLY FOR DISCHARGE IN SUBSEQUENT PROCEEDING.

A failure of the bankrupt to apply in due time for, or a refusal by the court to grant, a discharge from debts provable in proceedings under one petition in bankruptcy, renders the question of the right of the bankrupt to a discharge from those debts in a proceeding under a subsequent petition res adjudicata.

2. SAME.

A subsequent proceeding in bankruptcy for the sole purpose of obtaining a discharge which a prior proceeding has conclusively determined that the bankrupt is not entitled to presents no ground for relief, is vexatious and futile, and cannot be lawfully maintained.

3. SAME—COURT HAS POWER TO DISMISS AFTER ADJUDICATION.

The District Court has power to dismiss such a proceeding, as soon as it learns its real purpose, under section 2, subd. 15, Bankr. Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3421], although this is after an adjudication in bankruptcy.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 690.

**4. SAME—FACTS—DECISION.**

> An involuntary proceeding in bankruptcy was commenced. The bankrupt made no application for a discharge within 12 months after the adjudication, and failed to comply with an order to pay over to the trustee $6,185.37. While this proceeding was pending the bankrupt commenced a voluntary proceeding in another division of the same court, and applied for a discharge from the same debts scheduled and provable in the first proceeding. *Held,* the District Court rightly denied the application for the discharge and dismissed the voluntary proceeding.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the District of Minnesota.

William P. Murphy, Halvor Steenerson, and Charles Loring, for appellant.

Frank H. Ewing, E. H. Morphy, and John M. Bradford, for appellee.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

SANBORN, Circuit Judge.   May a bankrupt who has failed to apply for a discharge within the 12 months after his adjudication of bankruptcy upon a petition of creditors lawfully maintain a voluntary proceeding in bankruptcy and obtain a discharge from the very debts scheduled and provable in the involuntary proceeding while the latter is still pending?  The record in this case is meager, and it discloses nothing relative to many of the motions and adjournments which are referred to by counsel for the respective parties in the briefs.  The case must be determined upon the presumption that the rulings of the court below were made after due notice, and were right, unless the record discloses some error.  The burden is always on him who challenges the rulings or decree of a trial court, not only to specify errors, but to prove them by the record which he presents to the reviewing court.  The error here alleged is the rendition of a decree of dismissal of a voluntary proceeding in bankruptcy and a denial of a petition for the discharge of the bankrupt in this state of the facts:  In January, 1899, Oscar Kuntz was adjudged a bankrupt in one of the divisions of the District Court of Minnesota upon the petition of certain of his creditors.  In the progress of this proceeding the referee found that in the year 1898 Kuntz was a general merchant in a small village in Minnesota, and that he so conducted his business that between September 18, 1898, and December 27, 1898, a deficit of $8,185.37 arose, for which he failed to account.  Thereupon the referee made an order that he should pay over to the trustee of his estate $6,260.37.  He paid $75, and no more.  The order was never reversed, modified, or obeyed.  The bankrupt made no application for a discharge within 12 months of his adjudication, and the involuntary proceeding is still pending awaiting his compliance with the order of the referee.  In April, 1903, Kuntz filed a voluntary petition in bankruptcy in another division of the District Court for Minnesota, secured another adjudication of bankruptcy, scheduled the same debts and creditors that appeared in the invol-

untary proceeding, and on July 7, 1903, filed a petition in the voluntary proceeding for a discharge from these debts. The court appointed August 3, 1903, for a hearing of this petition. On August 5, 1903, a petition of the trustee of the estate of the bankrupt in the involuntary proceeding, which set forth its course and condition, was presented to the court in the voluntary proceeding, and it issued an order that the bankrupt should show cause why the voluntary should not be consolidated with the involuntary proceeding, and why all proceedings relating to the closing of the estate and to the application for the discharge should not be conducted in the latter. Upon the return day of this order the application of the bankrupt for his discharge and the petition of the trustee came on to be heard. Counsel for the respective parties appeared, and a decree was rendered, which denied the application for the discharge and dismissed the voluntary proceeding without prejudice to the right of the bankrupt to commence another after the involuntary proceeding should be closed.

The salient facts which condition the determination of the chief question in the case are, therefore, that there was an involuntary proceeding in bankruptcy pending, in which the bankrupt had disobeyed the order of the referee, and had failed to apply for a discharge within 12 months after his adjudication, and that he had instituted a voluntary proceeding, and had there applied for a discharge from the same debts scheduled and provable in the involuntary proceeding. The failure of the bankrupt to apply for a discharge from his debts in the involuntary proceeding within 12 months after the adjudication foreclosed his right to such a discharge. It is only within that time that he may, under the bankruptcy law, make a lawful application to be relieved from his debts. The record of his failure to make the application in that proceeding was, in effect, a judgment by default in favor of his creditors to the effect that he was not entitled to a discharge from their claims. A judgment by default renders the issue as conclusively res adjudicata as a judgment upon a trial. The result is that the question whether or not the bankrupt was entitled to be discharged from the claims of the creditors scheduled and provable in the involuntary proceeding was conclusively determined in an action between them and the bankrupt by the record of his failure to apply for a discharge in that proceeding. But the parties to the voluntary were the same as to the involuntary proceeding, for Kuntz scheduled the same claims and creditors, and the trustee who objected to his discharge was the legal representative of the latter. The bankrupt's application for a discharge in the voluntary proceeding presented the same issue which had been conclusively determined against him in the involuntary proceeding, and there was no error in the refusal of the court below to reverse the former judgment and grant the application.

The denial of an application for a discharge from debts provable in proceedings under one petition in bankruptcy under the act of 1898 renders the issue of a right to a discharge from those debts in a proceeding under a subsequent petition res adjudicata. A failure to apply for a discharge within 12 months after the adjudication in

the earlier proceeding has the same effect. Gilbert v. Hebard, 8 Metc. (Mass.) 129; In re Drisko, Fed. Cas. No. 4,090; In re Herrman (D. C.) 102 Fed. 753, 754; Id., 46 C. C. A. 77, 106 Fed. 987, 988.

It is said, however, that the dismissal of the voluntary proceeding was, in any event, erroneous, and unauthorized. Why was it so? The record does not disclose that the bankrupt brought any property to the court to be distributed among his creditors when he presented his petition for a second adjudication in bankruptcy. The sole purpose of that proceeding, so far as we may learn it from the record presented here, was to enable the bankrupt to raise the very issue which the record in the involuntary proceeding had conclusively determined—the issue whether or not he was entitled to a discharge from the debts there scheduled and provable. The voluntary proceeding was in fact nothing but a suit in equity to obtain a discharge. The second adjudication in bankruptcy, the appointment of the trustee, his report, and every other act in that proceeding were nothing but steps in the progress of the suit for the discharge. For any other purpose they were both farcical and futile. As there was no equity in the suit for the discharge, and the bankrupt was entitled to no relief in it, it was properly dismissed. A voluntary proceeding in bankruptcy for the sole purpose of obtaining a discharge which a prior involuntary proceeding has conclusively determined that the bankrupt is not lawfully entitled to presents no ground for relief, is vexatious and futile, and should be dismissed. In re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 409.

Other objections to the decree are that the application for the discharge was improperly denied because no specifications of objections to the discharge were ever made, that the order to show cause was an irregular proceeding, that it was not properly served on the bankrupt, and that the court was without power to dismiss the voluntary proceeding. But the disclosure by the petition of the trustee that the issue of the discharge of the bankrupt was conclusively determined was a sufficient and fatal objection to the application for it, and any other would have been useless. An order to show cause why a certain act should not be done or a certain course pursued is the regular and approved method of giving notice of contemplated action to parties to suits and proceedings in equity and bankruptcy, and the terms of this order were sufficiently broad and general to suggest notice of, or to warrant a dismissal of, the proceeding and a denial of the discharge. It is true that the record fails to disclose that the order to show cause was ever served upon the bankrupt, but his counsel made a general appearance for him at the hearing upon it, and this was a waiver of any defect or failure in its service.

Nor was the court without power to dismiss the voluntary proceeding. That proceeding was a mere device to evade the order of the referee and to secure indirectly what the bankrupt evidently despaired of obtaining otherwise. It entailed unnecessary expense and vexation upon the creditors and upon the court. Its continuance was a constant menace and annoyance to the creditors, and there was no sound reason for its existence. Ample power to dismiss it, even after the adjudication in bankruptcy, was vested in the

District Court under section 2 of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420].

The decree below is affirmed.