In re WEINTRAUB et al.

(District Court, D. New Jersey. January 6, 1905.)

1. BANKRUPTCY—DISCHARGE—FAILURE TO APPLY—TIME—RES JUDICATA—SUB-
    SEQUENT PROCEEDINGS.

    Where a bankrupt failed to apply for a discharge within the time
    limited by the statute, his right to such order was res judicata, and barred
    him from obtaining a discharge in a subsequent proceeding by him in
    another district from debts provable in the former proceeding.

On Motion to Vacate Stay of Proceedings.

Jacob L. Newman, for the motion.

Walter T. Kohn, opposed.

LANNING, District Judge. On June 20, 1899, Louis Wein-
traub, Benjamin Lewis, and Samuel Golden, partners trading as
Weintraub, Golden & Lewis, were adjudged bankrupts in an in-
voluntary proceeding instituted in the United States District Court
for the Southern District of New York. They did not apply for
an order of discharge within the time limited by the bankruptcy
act. On December 30, 1903, they filed their voluntary petition in
bankruptcy in this court, setting forth, as their affidavits admit, in
the schedules annexed to their petition, the same debts that appear
in the New York proceeding. The object of the suit in this court
is to secure a discharge from the same debts from which the bank-
rupts failed to secure a discharge in the New York court. The
proceeding in the New York court, furthermore, has not been ter-
minated. On March 14, 1904, the above facts having been pre-
sented to the late Judge Kirkpatrick, of this court, he made an or-
der staying and enjoining the bankrupts from taking any further
proceedings upon their voluntary petition in this court pending the
determination of the proceedings in the New York court. The
counsel for the bankrupts now applies for an order vacating the
above-mentioned order of March 14, 1904.

The application must be denied. It is a settled rule of law that,
where a bankrupt has failed to apply for his order of discharge
within the time limited by the statute, his right to such order is
res judicata, and he cannot by any subsequent proceedings se-
cure a discharge from the debts provable in the former proceedings.
See Kuntz v. Young (C. C. A.) 131 Fed. 719.

An order will be signed denying the motion of the bankrupts.