## In re PULLIAN.

(District Court, E. D. Tennessee. February 18, 1909.)

### No. 889.

BANKRUPTCY (§ 404*)—DISCHARGE—EFFECT OF FAILURE TO ASK DISCHARGE—SECOND PROCEEDINGS.

Where a bankrupt fails to apply for a discharge within the time limited by the act, the effect is the same as a judgment denying his discharge from the debts therein involved, and he is not entitled to a discharge for such debts in a subsequent proceeding. A second proceeding by voluntary petition, in which no new assets nor debts are scheduled, will be dismissed; but, if new debts are scheduled, the bankrupt will be enjoined from applying therein for a discharge from the old debts.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 404.*]

In Bankruptcy. On petition of Froneberger Mills & Co. and others to dismiss the proceedings.

Anderson & Hall, for bankrupt.

Norman B. Morrell, for petitioning creditors.

SANFORD, District Judge. The material facts are these: The bankrupt in April, 1907, filed a voluntary petition in bankruptcy, and was adjudged a bankrupt on the same day, but did not apply for or obtain a discharge in such proceeding. In January of this year the bankrupt filed the present voluntary petition in bankruptcy, listing with the petition 24 creditors with claims amounting to a little over $500. In this list are 21 creditors, including Froneberger Mills & Co. and the three other present petitioners, who were listed for the same claims in the former cause; there being listed in the present case only three new creditors, with claims aggregating $32. No assets whatever were surrendered by the bankrupt for distribution in the present case; the schedule showing that outside of the property claimed by him as exempt he had no other property, except an account which he had previously assigned to the clerk of the court and to his attorneys in the present case. Upon this state of facts, the petitioners pray that the entire proceedings be dismissed, or that, in the alternative, the bankrupt be perpetually restrained from making any application in this case for a discharge from their claims.

It is now well settled in the later federal decisions, overruling in some respects the case of In re Claff (D. C.) 111 Fed. 506, and the cases therein cited, that where, in a bankruptcy proceeding, the bankrupt fails to apply for a discharge within the time limited by the bankruptcy act, this has the same effect as a judgment denying his discharge from the debts therein involved, and that in a subsequent bankruptcy proceeding, in which no new assets are being administered, either an actual judgment denying his discharge in the former case, or a constructive judgment by default for failure to make application, will operate as res adjudicata against him and prevent his discharge from the same debts in the new proceeding. 2 Remington on Bankruptcy, § 2436, p. 1471; Loveland on Bankruptcy (3d Ed.) § 280c,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

p. 813; In re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 409; Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477; In re Weintraub (D. C.) 133 Fed. 1000; In re Kuffler (D. C.) 144 Fed. 445; In re Kuffler, 151 Fed. 12, 80 C. C. A. 508; In re Bramlett (D. C.) 161 Fed. 588. Further, that where the second proceeding is under a voluntary petition filed by the bankrupt, in which he brings into court no material as- sets for administration, and the sole purpose is to obtain a discharge from the debts involved in the former proceeding, no ground of re- lief is presented, and the proceedings should be dismissed as futile. 2 Remington on Bankruptcy, § 2437, p. 1471; Loveland (3d Ed.) § 280c, p. 813; Kuntz v. Young, supra. Or, at least, that further pro- ceedings in the case should be stayed (In re Weintraub, supra), or the bankrupt restrained and enjoined from filing a petition for dis- charge in the second case (In re Fiegenbaum, supra).

Where, however, as in the present case, new creditors are listed in the second proceeding, a different question arises. In 2 Remington on Bankruptcy, § 2438, p. 1475, the view is expressed that the court should in such case in its order of discharge in the second bankruptcy expressly except all debts provable in the first bankruptcy; but in the case of In re Kuffler, 151 Fed. 12, 80 C. C. A. 508, it was said by the Circuit Court of Appeals for the Second Circuit that the proper pro- ceeding in such case is to restrain the bankrupt from making any ap- plication in the second bankruptcy for a discharge from the debts of the creditors whose claims had been involved in the original case.

Under the foregoing authorities I am of the opinion that, while the prayer of the petition must be denied in so far as it seeks a dismissal of the entire proceedings, in view of the fact that new creditors are involved, yet it should be granted in so far as it prays that the bank- rupt be restrained and enjoined from making any application in this case for a discharge from the claims of the four petitioners, Frone- berger Mills & Co. and others.

It is unnecessary to determine in this case whether under the author- ity of In re Drisko, 2 Lowell, 430, Fed. Cas. No. 4,090, if any new as- sets had been brought into court in the present case, the former cred- itors might have declined to share therein and thereupon objected to a discharge, or what, if any, would have been the effect of the former proceeding as res adjudicata if application had been made in the for- mer case, within 18 months after the adjudication, for leave to file a petition for discharge, and the same had been denied without prej- udice to the commencement of new proceedings, as was done in the cases of In re Brooke (D. C.) 100 Fed. 432; In re Fahy (D. C.) 116 Fed. 239; In re Wagner (D. C.) 138 Fed. 87.

An order will be entered in accordance with this opinion.