POLLET v. COSEL.

(Circuit Court of Appeals, First Circuit. May 18, 1910.)

No. 864.

BANKRUPTCY (§ 404*)—DISCHARGE—SECOND PROCEEDING.

Where a bankrupt failed to obtain a discharge, although his petition was dismissed for want of prosecution, and not on the merits, he is not entitled to a discharge in a second bankruptcy proceeding from the debts provable in the first.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 690; Dec. Dig. § 404.*]

Appeal from the District Court of the United States for the District of Massachusetts.

In the matter of Robert S. Pollet, bankrupt. The bankrupt appeals from an order refusing a full discharge. Affirmed.

Marvin M. Taylor, for appellant.

Nathan B. L. Cosel, for appellee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This was an appeal by a bankrupt against an order of the District Court in bankruptcy giving him only a qualified discharge. The bankruptcy proceedings in the present case were commenced by a petition filed in the district of Massachusetts on August 6, 1908. The bankrupt petitioned for discharge, and the creditor, now the appellee, duly filed his specification of objections thereto, setting out the proceedings in a previous bankruptcy where he had been a creditor. The result was a judgment giving a limited discharge, the limitation being covered by the following words:

"Excepting also such debts as were provable in certain proceedings in bankruptcy in the District Court of the United States for the Southern District of New York, wherein on May 18, 1905, said Robert S. Pollet was duly adjudged a bankrupt."

This exception reserved from this discharge the debt of the appellee, as the same was not only provable in the prior proceedings described, but was therein duly proved. The present appeal arose out of this limitation.

In the prior proceedings the discharge was not in form refused, but the petition therefor was dismissed on the ground that the bankrupt had failed to prosecute, and to appear for examination; laches being apparently specifically assigned.

We are of the opinion that the judgment of the District Court appealed from was correct; and, aside from our own conclusions in the matter, we should feel called on to sustain it in accordance with our practice of following the Courts of Appeals in other circuits.

At the outset we note the fact that section 14 of the bankruptcy statute of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) provides that:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Any person may, after the expiration of one month, within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge."

It also provides that, if it appears that the bankrupt was unavoidably prevented from filing his application within 12 months, "it may be filed within but not after the expiration of the next six months." Here is a positive limitation of 18 months given by statute within which an application for a discharge may be made. If the position of the bankrupt in this case is correct, it amounts to a repeal of this statutory limitation. The fact that it is by indirection, instead of by a delayed application in the original proceeding, is immaterial, because in the indirect form the result would be quite as effectual to the defeat of the clear letter and intention of the statute as if otherwise accomplished. However, we do not let the case rest on this proposition, because the authorities to which we will refer are conclusive on more general grounds.

The bankrupt relies on Bluthenthal v. Jones, 208 U. S. 64, 66, 28 Sup. Ct. 192, 52 L. Ed. 390, decided on January 6, 1908. There is nothing in it which helps him. It contains a declaration which is, of course, so far as this case is concerned, a dictum, but which is positively opposed to the appellant. There the creditor, who was the same creditor in both the first and second bankruptcy proceedings, failed to appear in the second proceeding to object to the discharge, as otherwise the creditor has done here. Therefore in the second proceeding there was a clean discharge. This was offered as a discharge in the state court against the creditor, and was held to be efficient. The Supreme Court sustained the judgment of the state court, but solely on the ground, to put it briefly, that there must be at least plea in legal proceedings. The opinion, however, used the following phraseology:

"Undoubtedly, as in all other judicial proceedings, an adjudication refusing a discharge in bankruptcy finally determines, for all time and in all courts, between those parties or privies to it, the facts upon which the refusal is based."

This as the expression of the learned judge who wrote the opinion, and of the other judges who concurred therein, would be sufficient to bar the appellant here, if there had been an adjudication on the prior proceeding, or anything beyond a mere dismissal. Where there is only a mere dismissal for want of prosecution, it is so often held that parties are not fully estopped thereby that the language we have quoted does not necessarily apply here. Nevertheless, the questions we have here, in one form or another, have been before Circuit Courts of Appeals in other circuits three times: First, in Re Fiegenbaum, in the Circuit Court of Appeals for the Second Circuit, decided on February 25, 1903, 121 Fed. 69, 57 C. C. A. 409; second, in Kuntz v. Young, in the Circuit Court of Appeals for the Eighth Circuit, decided on July 28, 1904, 131 Fed. 719, 65 C. C. A. 477; and, third, again in the Circuit Court of Appeals for the Second Circuit, in Re Kuffler, 151 Fed. 12, 80 C. C. A. 508, decided January 7, 1907. In the first case a discharge had been refused. In the second and third

cases the petition for a discharge had been dismissed for want of prosecution, the same as here. And yet the same result was reached practically in each case, all in support of the judgment of the District Court now appealed from. In the last case the precise form of discharge which was granted here was approved in advance. Therefore, both on principle and on authority, we accept the conclusions of the District Court.

The judgment appealed from is affirmed, and the appellee recovers his costs of appeal.