### In re LESSER.

### Ex parte INTERNATIONAL TRUST CO.

#### (District Court, S. D. New York. February 11, 1916.)

BANKRUPTCY &#9901;408(1)—DISCHARGE—GROUNDS FOR REFUSAL—PERJURY IN OTHER PROCEEDINGS.

    No perjury committed by a bankrupt in any bankruptcy proceedings except those against himself is ground for refusal of a discharge, notwithstanding the literal reading of Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (Comp. St. 1913, § 9598), denying a discharge to one who has committed an offense punishable by imprisonment as therein provided, and section 29 (section 9613), making it an offense punishable by imprisonment to make a false oath in relation to any proceedings in bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 732; Dec. Dig. &#9901;408(1).]

In Bankruptcy. Proceeding against Joseph S. Lesser. On exceptions to specifications of objections to discharge by the International Trust Company. Exceptions sustained in part, and overruled in part.

This cause comes up on exceptions to specifications of objection. The creditor has filed eight specifications of objection, to all of which exceptions have been filed. The first, second, and third relate to false oaths of the bankrupt; the first two in these proceedings, and the third in other bankruptcy proceed-

ings in which he was examined as a witness. One of these bankruptcy proceedings was against the St. Gallen Manufacturing Company, and the other against M. G. Samuels & Co. At one time he had been a director in the St. Gallen Manufacturing Company, and his testimony was material because of his connection therewith. He also had financial relations with M. G. Samuels & Co. The fourth specification was because the bankrupt had concealed assets from his trustee in bankruptcy; the fifth, sixth, and seventh specifications were that he had destroyed, concealed, and failed to keep his books of account; the eighth, that he had obtained money from certain persons for the purpose of obtaining credit, and that he obtained money on a materially false statement in writing.

Leonard J. Obermeier, of New York City, for exceptant.
Saul S. Myers, of New York City, for objecting creditor.

LEARNED HAND, District Judge (after stating the facts as above). I sustain the exceptions to the first and second specifications, because it is not alleged that the bankrupt, at the time of committing the false oaths, knew that they were false, and that he made the oaths knowingly and fraudulently; also because it is not set forth that they were material to the inquiry. The creditor may amend these two specifications within ten days after the entry of the order upon the exceptions.

The second specification should likewise state in what respects his schedules were false.

I sustain the exceptions to the third specification, on the ground that no perjury in a bankruptcy proceeding other than that of the bankrupt himself is ground for opposition to the discharge. In re Blalock (D. C.) 118 Fed. 679. I am satisfied that, although it is a crime to make any false oath in any proceeding in bankruptcy, it is not a ground for denial of a discharge unless the oath be made in the bankruptcy proceedings of the bankrupt himself. I admit that a mere literal reading of the two sections (Bankr. Act, §§ 14 and 29) might lead to a contrary result; but it is perfectly obvious that the bankrupt's discharge depends upon his conduct toward his own creditors, and not upon his general truthfulness, even in other independent proceedings. The Circuit Court of Appeals for this Circuit, in Re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 409, had before it the question whether a second bankruptcy petition should be stayed, and on page 71 of 121 Fed. (57 C. C. A. 411) raised the question whether an offense committed in the first proceeding would be available in the second. They did not decide this question, but one reason for staying the second proceeding was the possibility that offenses committed in the first could not be used in the second. So far as the case goes it seems in accord with my understanding. The exception is sustained to this specification, without leave to amend.

The exception to the fourth specification is sustained, because it fails to state the nature and kind of property which was concealed, and that the concealment was done knowingly and fraudulently, and also because it does not state with what persons the concealment was effected. The creditor may amend the specification within the same time as specifications 1 and 2.

Exceptions to specifications 5 and 6 are sustained until the creditor states what books of account and records the bankrupt destroyed and concealed and with whom he concealed the same. These specifications may be amended within the same time as provided respecting specifications 1 and 2.

Exception to specification 7 is overruled.

Exception to specification 8 is sustained, because the specification does not state what money or property had been obtained, and also because it does not state the time and place of uttering the false statement. If the utterance of any false statement is relied upon, other than those made to the persons mentioned in the specification, such person must be set forth. The phrase "various other banks in the United States and Switzerland and to various other persons" will be stricken from the specification unless they are indicated subsequently. Amendment to this specification may be made within the same time as provided with respect to specifications 1 and 2.

No further time for filing specifications will be granted than as contained above. The creditor has already had ample time in which to present any objections to the discharge. Settle order on notice.