## In re McMORROW.
### No. 16144.

District Court, W. D. New York.
Sept. 24, 1931.

Philip Catalano, of Buffalo, N. Y., for bankrupt.

Wilfred McCarthy, of Buffalo, N. Y., for petitioning creditors.

KNIGHT, District Judge.

On May 18, 1928, the above-named bankrupt filed a petition in bankruptcy. No application for a discharge therein has ever been filed. On August 2, 1930, the petition for adjudication in bankruptcy herein was filed. On March 24, 1931, the bankrupt filed a petition for discharge upon the adjudication made on August 2, 1930.

The petitioning creditors herein were scheduled as creditors in both bankruptcy proceedings. Such creditors filed specifications in writing in opposition to the discharge on the ground that failure to apply for a discharge upon the first adjudication was a bar to a discharge in the second proceeding from debts owing petitioners.

The objections were referred to the referee, as special master, and he has found that the bankrupt is entitled to the discharge from debts accruing subsequent to the filing of the first petition, but is not entitled to a discharge from debts which accrued prior to that date and were scheduled in both proceedings. The court concurs in the recommendation of the special master.

The question involved naturally is not a new one. While there are certain decisions which do not accord with the view here taken, the weight of the authorities, led by the Supreme Court of the United States, supports it. Say the court in Freshman v. Atkins, 269 U. S. 123, 46 S. Ct. 41, 70 L. Ed. 193: "Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." While that case involves a situation where a petition in a prior proceeding was pending, the language just quoted is exactly applicable to the question here. Bluthenthal v. Jones, 208 U. S. 64, 28 S. Ct. 192, 52 L. Ed. 390, a leading case cited in bankrupt's brief, is there distinguished. It is

pointed out that it was there held that the court in which the second proceedings in bankruptcy were pending was not bound to search the records of other courts to give effect to their judgments. There are many decisions of the courts directly in point with the position taken here of which a few only may be cited. Kuntz v. Young (C. C. A.) 131 F. 719; In re Weintraub et al. (D. C.) 133 F. 1000; In re Pullian (D. C.) 171 F. 595; Pollet v. Cosel (C. C. A.) 179 F. 488, 30 L. R. A. (N. S.) 1164; In re Schwartz (D. C.) 248 F. 841, and In re Spangler (D. C.) 256 F. 62.

■ The Bankruptcy Act (11 USCA) confers broad rights upon the petitioner. It enables him to be discharged of all of his debts, with certain exceptions, by the application of his property to the payment thereof. The statute should be strictly followed. Section 14 of the act (11 USCA § 32), fixing one year as the time within which application for discharge shall be made, significantly provides for an extension of this time "within but not after the expiration of the next six months" where the bankrupt has unavoidably been prevented from filing the application within a year. It is a reasonable requirment of this statute that failure to make application for discharge within the time permitted bars subsequent discharge from the debts scheduled in that proceeding.

■ I do not see that subdivision b (5) of section 14, 11 USCA § 32 (b) (5), has any application here, nor do I understand that the petitioning creditors so contend. The reason for this subsection is obvious. Section 63 of the act (11 USCA § 103) is entirely consistent with our decision. Debts provable here, within the provisions of section 63, are debts incurred since the first adjudication and debts not included in the schedules first filed.

Let an order be entered confirming the report of the special master.