## In re McCAUSLAND.

### No. 23671.

District Court, S. D. California,
Central Division.

Dec. 6, 1934.

Gold, Silk & Quittner, of Los Angeles, Cal. (Francis F. Quittner and Paul Magasin, both of Los Angeles, Cal., of counsel), for International Shoe Co.

Lewis A. Schaffer, of Los Angeles, Cal., for bankrupt.

JAMES, District Judge.

The bankrupt has presented a petition, asking to be discharged from his debts. The International Shoe Company, a creditor in an amount in excess of $2,000, filed objections to the granting of the order on the particular ground that on the 18th day of December, 1933, the bankrupt was, in a prior voluntary proceeding, denied a discharge from the same debts as those set out in the schedules in this proceeding. The fact is that on June 7, 1933, a voluntary petition was filed by the same bankrupt in this court, under No. 20984, and he in due time presented a petition for discharge in that proceeding. The same creditor who objects here opposed the granting of the discharge on the ground that within six years prior thereto a discharge in bankruptcy had been granted the petitioner. The matter was there referred to the special master to hear the proofs, and he returned his report to the court, finding that on the 10th day of December, 1928, a discharge had been granted in a voluntary proceeding to McCausland. A petition for discharge in the second proceeding was filed on August 12, 1933, which was within the six-year period. The court accordingly denied the discharge.

The objecting creditor asserts that denial of the discharge in the last proceeding is res adjudicata as to the right in the bankrupt to a discharge for the debts therein scheduled. This position seems to be thoroughly sustained by the authorities. Counsel for the bankrupt has endeavored to draw a distinction as to the effect of the refusal to grant the discharge where such refusal has been ordered merely because a prior discharge had been allowed within six years, as differing from a case where the discharge has been refused because of some fraudulent act or other condition specified in the Bankruptcy Act (section 32, title 11, US CA). I have made a search of the law in an endeavor to find whether such a distinction may be applied and am unable to find anything which supports it. The rule of res adjudicata, as applied to an order refusing a discharge, seems applicable in all cases, regardless of whether there has been any misconduct on the part of the bankrupt. For instance, a bankrupt may fail to apply for a discharge within the time specified in the Bankruptcy Act. He may be guilty of no fraud in that regard, but merely have been neglectful in prosecuting the proceeding. Yet it is held in such cases, where he later petitions for discharge in a new proceeding, he is not entitled to any order which will relieve him of the debts provable in the prior proceeding. Cases to this point are Kuntz v. Young, 131 F. 719 (C. C. A. 8th); In re Weintraub et al., 133 F. 1000 (D. C. N. J.); In re McMorrow, 52 F.(2d) 643 (D. C. W. D. N. Y.)

There is no doubt of the right of the bankrupt to file the last proceeding and to obtain a discharge from debts which have been incurred subsequent to the adjudication in the proceeding in which the discharge was denied. I am not able to determine clearly as to whether any new debts have been incurred from an examination of the two files, but the rights of all parties will be protected if the discharge is allowed at this time, excepting from its effect the discharge of all debts provable under proceeding No. 20984, in which a voluntary petition was filed by the same bankrupt June 7, 1933.

It is so ordered. An exception is noted in favor of the bankrupt.