## In re ZEILER.

District Court, S. D. New York.
March 1, 1937.

540

Newman & Bisco, of New York City (Henry Landau, of New York City, of counsel), for petitioner.

William Roth, of New York City, for bankrupt.

PATTERSON, District Judge.

The motion is by a creditor, Resource Holding Corporation, to have the order granting the bankrupt a discharge amended so as to except from its operation the debts owed to the creditor.

The bankrupt filed a voluntary petition in 1931, showing no assets and liabilities of $47,000. In due course she applied for discharge. The Resource Holding Corporation, listed as a creditor, opposed discharge on the ground that the bankrupt had signed a false financial statement. After various hearings relative to discharge, the bankrupt on November 24, 1933, withdrew her application for discharge, and the proceeding was closed.

The bankrupt filed a second voluntary petition on October 22, 1935. In her schedules she showed no assets and showed the same liabilities as in the earlier proceeding, with three new claims of small amounts. She made application for discharge. There was no opposition, and an order of discharge in the usual form was entered on January 22, 1936. It is this order of discharge that the moving creditor, by notice of motion dated January 19, 1937, asks to have amended so as to have the claims owing to it excepted from the discharge. The attorney for the creditor shows that at the time when the bankrupt applied for discharge he advised his client that the bankrupt's failure to obtain discharge in the prior proceeding made the claims nondischargeable and that it was unnecessary to oppose the discharge; the attorney further shows that recently he has read Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, which caused him to change his opinion and to advise his client to make the present motion.

The settled rule is that the denial of discharge in a bankruptcy proceeding or the failure of the bankrupt to apply for discharge within the time limited by law bars the bankrupt from obtaining in a later bankruptcy proceeding a discharge from the debts provable in the prior proceeding. Some courts say that the basis of the rule is res judicata. Others say that, where the bankrupt has failed to apply for discharge within the time fixed by section 14a of the Bankruptcy Act, as amended (11 U.S.C.A. § 32(a), the obtaining of a discharge from the old debts in a new proceeding would be an evasion of section 14a. In re Fiegenbaum, 121 F. 69 (C.C.A.2); Kuntz v. Young, 131 F. 719 (C.C.A.8); In re Bacon, 193 F. 34 (C.C.A.5); In re Loughran, 218 F. 619 (C.C.A.3). The rule is the same where the bankrupt applied for discharge in the earlier proceeding and withdrew the application or suffered it to be dismissed for lack of prosecution. In re Kuffler, 151 F. 12 (C.C.A.2); Pollet v. Cosel, 179 F. 488, 30 L.R.A.(N.S.) 1164 (C.C.A.1); In re Schwartz, 248 F. 841 (D.C.Ohio).

Where the debts listed in the second proceeding are merely those that had been listed in the first, the practice is to deny discharge altogether in the second or to stay the bankrupt from applying for it. In re Fiegenbaum, supra; Kuntz v. Young, supra; In re Elby, 157 F. 935 (D.C.Iowa); In re Bramlett, 161 F. 588 (D.C.Ga.); In re Stone, 172 F. 947 (D.C.Or.); In re Springer, 199 F. 294 (D.C.N.C.); In re Loughran, supra. Where the bankrupt has incurred new liabilities since the first proceeding, however, and puts into his schedules in the second proceeding the old debts and the new debts, the situation has procedural possibilities. The bankrupt is entitled to discharge from the new but not from the old. It was once thought that in cases of this sort the bankrupt should have a general discharge, and that an old creditor on later pursuing his remedy to collect in other courts could have the effect of the discharge limited. Judge Lowell so held in Re Claff, 111 F. 506 (D.C.Mass.), and Judge Grubb pointed out in Re Bacon, supra, that such procedure would be in line with the general rule that the bankruptcy court does not pass on the effect of a discharge on a particular debt. But the Supreme Court in Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, held that a creditor who relied on a denial of discharge in an earlier proceeding in another court should call it to the attention

of the court in the later proceeding and have discharge denied; otherwise the discharge granted in the second proceeding was a bar to collection of his claim. Since the Bluthenthal Case, the practice has been for the bankruptcy court, on motion by a creditor in the former proceeding, to issue a qualified discharge, a discharge from the debts incurred since the former proceeding but not from the debts provable in the former proceeding. Pollet v. Cosel, supra; In re Bacon, supra; Siebert v. Dahlberg, 218 F. 793 (C.C.A.8); Monk v. Horn, 262 F. 121 (C.C.A.5); In re Von Borries, 168 F. 718 (D.C.Wis.); In re Westbrook, 186 F. 414 (D.C.Ala.); In re Cooper, 236 F. 298 (D.C.N.J.). And the court, on its own motion and without the interposition of a creditor, may enter a qualified discharge if the facts of the case come from its own records in related proceedings. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193. For the later application, so far as it concerns debts involved in the first proceeding, is regarded as an imposition on the court and an abuse of its process, and the court may act of its own accord to suppress an effort to overreach the orderly administration of justice. Freshman v. Atkins, supra, 269 U.S. 121, at page 124, 46 S.Ct. 41, 42, 70 L.Ed. 193.

When the bankrupt withdrew her application for discharge in the first case, she was barred from obtaining a discharge of the debts provable in that proceeding by means of an application for discharge in a later proceeding. Her purpose in filing a voluntary petition a second time was obviously to circumvent what she had voluntarily committed herself to in the first proceeding. Had the old creditors informed the court of the facts on record when the application for discharge was heard a year ago, the order of discharge would have carried an excepting clause on the old claims. The creditor asks that such a clause be inserted by amendment.

 There is power to amend an order of discharge, to the end that it may correctly and more specifically show the character of debts on which it operates. In re Kaufman, 136 F. 262 (D.C.N.Y.); In re McKee, 165 F. 269 (D.C.N.Y.); In re Adams, 242 F. 335 (D.C.Ga.). The merits are strongly with the moving creditor, and no laches has been shown. The creditor's failure to call attention to the facts when discharge was applied for was due to misapprehension of the procedure, a misapprehension that cannot be regarded as strange. But I take it that the question of laches on the part of the moving creditor is not a critical point. Under the Freshman Case it is for the court on its own motion to correct the order of discharge in cases where it discovers from its own records that the bankrupt had no right to maintain the application for discharge and abused the process of the court in doing so. See, also, In re Levenstein, 180 F. 957 (D. C.Conn.). In this respect the case is quite different from one where a creditor seeks to oppose a discharge on the grounds given in section 14b of the act (as amended, 11 U.S.C.A. § 32(b) after the proper time for opposition has expired or seeks to have a discharge revoked for fraud.

The order of discharge will be amended so as to except the debts scheduled by the bankrupt in the proceeding commenced in 1931.