In the Matter of Supplementary Proceedings: Joseph A. Broderick, as Superintendent of Banks of the State of New York, Judgment Creditor, v. Bernard Glicker, Also Known as Bennie Glicker, Judgment Debtor.

Supreme Court, Special Term, Bronx County, July 17, 1940.

*Carl J. Austrian* [*Joseph Singer* of counsel], for the judgment creditor.

*Murray J. Bartelstone,* for the judgment debtor.

Eder, J. Motion by judgment debtor, Bernard Glicker, also known as Bennie Glicker, to vacate an order made on June 21, 1940, requiring the debtor to submit to an examination in supplementary proceedings. The basis of the motion is that the debt in question was discharged in bankruptcy proceedings.

On November 28, 1934, the judgment debtor filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York. In his schedules in bankruptcy, the judgment debtor, as bankrupt, listed eleven separate creditors, among them being the Superintendent of Banks of the State of New York. On December 17, 1935, an order was made by the referee in bankruptcy closing the case; no mention was made in the order that a discharge was denied. On November 14, 1938, the judgment debtor filed another voluntary petition in bankruptcy in the same court, in which he listed thirteen creditors. This list comprised some of the creditors mentioned in the previous schedules filed, as well as certain other additional creditors. The Superintendent of Banks was again mentioned as a creditor. On May 10, 1939, an order was made by the referee in bankruptcy discharging the judgment debtor, as bankrupt, from all debts scheduled by

him. It is, therefore, claimed by the judgment debtor that this debt, upon which the order for his examination herein was obtained, has been discharged in bankruptcy and that said order must, therefore, be vacated. The judgment creditor urges that the discharge granted in the second bankruptcy proceeding was ineffectual as to this debt and did not discharge the same, and, hence, that the order herein was properly granted. The opposition to this motion is well founded.

The right to a discharge in bankruptcy is one thing; its resulting effect is another. The discharge does not adjudge whether a claim is covered by or is excepted from it; that question must be determined when it arises, by the particular court in which the discharge is pleaded as a defense. (Browne Bankruptcy Law and Procedure, chap. XLIX, p. 124, § 222, " Discharge — Effect," and cases there cited.)

In explaining the reason for his failure to apply for a discharge in his first bankruptcy proceeding, the judgment debtor's attorney alleges: " Thereafter, due to the fact that the bankrupt could not obtain the necessary money to apply for a discharge, your deponent took no further steps in his behalf, although he advised him on a number of occasions, of the necessity of applying for a discharge."

Professor Browne, in his work on Bankruptcy Law and Procedure, speaking of the effect of the failure of a bankrupt to apply for a discharge, points out that the failure to apply results in preventing the bankrupt's discharge, being equivalent to a denial of a discharge and that a bankrupt cannot thereafter file a second petition and obtain a discharge from those debts which were dischargeable in the prior bankruptcy and which were not discharged because of his failure to apply for his discharge in the prior proceeding. (Chap. XLVII, § 207, p. 116.) This is a correct exposition of the law concerning the debtor's status. (*Freshman* v. *Atkins*, 269 U. S. 121, 123; *Matter of Brenner*, 25 F. Supp. 416 [E. D. N. Y.]; *Matter of Cederbaum*, 27 id. 1014 [S. D. N. Y.]; *Kuntz* v. *Young*, 131 Fed. 719, 721, 722; *Matter of Richter*, 190 id. 905; *Matter of Loughran*, 218 id. 619; *Matter of Silverman*, 157 id. 675 [C. C. A. 2].)

The statement that the judgment debtor could not defray the necessary money to apply for a discharge and, therefore, did not do so, is not an excuse and has been rejected as an excuse when offered. (*Matter of Lansley*, 15 F. [2d] 471 [C. C. A. 2]; *Matter of Goldstein*, 40 id. 539 [E. D. N. Y.]; *Matter of Richter, supra.*)

The debt here involved was not discharged in the second bankruptcy proceeding and remains unaffected thereby. The proceeding to examine the judgment debtor is properly maintainable and

the motion to vacate the order for his examination is denied. Examination of judgment debtor Bernard Glicker, also known as Bennie Glicker, is set for July 25, 1940, at ten A. M., at Special Term, Part I. Submit order on one day's notice.