**In re BUCHANAN.**

No. 1311.

District Court, W. D. Virginia, at Big Stone Gap.

Nov. 2, 1945.

S. H. Sutherland, of Clintwood, Va., for bankrupt.

PAUL, District Judge.

On April 25, 1945, Jasper Newton Buchanan was adjudicated a bankrupt upon his voluntary petition accompanied by schedules listing some twenty-two creditors and the debts owing to each. Thereafter

in due course the matter came on for a hearing upon the bankrupt's discharge and notice was given of the time within which objections to discharge might be filed. Within the time so limited A. M. Phipps, the trustee in bankruptcy, filed objections to the discharge, stating as grounds therefor: "That upon a former adjudication in voluntary bankruptcy by the said Jasper Newton Buchanan objection was made to the granting of a discharge and upon issue duly made and tried it was decided and ordered by the court that the said bankrupt be denied a discharge. That the same debts were reported and listed and scheduled by the said bankrupt in his said former petition and proceedings as were listed and scheduled in the said present bankruptcy proceedings. That former adjudication is res adjudicata on the present proceedings for discharge of said bankrupt."

On the filing of the above-quoted objections, the bankrupt moved the referee (1) for a more definite statement as to the alleged refusal of a discharge in a prior proceeding and (2) to strike out and dismiss the objections in the instant case on the ground that they failed to state any reason for denial of a discharge. The referee reserved action on clause (2) of the bankrupt's motion until the time of the hearing and in the meanwhile procured a stipulation from the parties for a more definite statement as to the prior proceeding in which the bankrupt had been involved. From this stipulation, as well as from the record in the prior proceeding, it appears that Buchanan filed a voluntary petition in bankruptcy in this court on February 18, 1929, resulting in his adjudication on February 19, 1929; that when he thereafter applied for a discharge in that proceeding objections were filed on the grounds that he had concealed his assets, had committed fraudulent transfers of property prior to filing his petition and had made a false oath in relation to the proceeding; that on December 12, 1930, the then judge of this court entered an order denying the bankrupt a discharge. It is further agreed that nineteen of the creditors listed in the present proceeding were among those listed in the former proceeding and that as to these creditors the debts listed in both proceedings are the same. It appears, therefore, that only three of the creditors in the present proceedings hold debts incurred since the first bankruptcy. The schedule shows these three debts to be in a very small amount.

As a result of the hearing on discharge in the instant case the Referee entered an order in which, after referring to the proceeding of 1929 and the denial of a discharge therein and to the identity of the debts in the two proceedings, he granted a discharge as to those debts incurred since the prior proceeding but specifically and in terms excepted from the operation of the discharge the nineteen debts which had been involved in the former proceeding. It is this order which the bankrupt has asked to be reviewed, his complaint relating, of course, to the provision which denies the right of a discharge as to the nineteen debts. I take it that the bankrupt's contention is that the referee erred in (1) not striking the objections to discharge on the ground that they failed to state a reason for which a discharge could be denied, and (2) exempting any of the debts from the operation of the discharge order.

### Discussion

It has long been settled that where a bankrupt has been denied a discharge in a bankruptcy proceeding he cannot thereafter, in another and subsequent proceeding, obtain a discharge which will release him from the debts scheduled in the prior proceeding. The rule is stated in Gilbert's Collier on Bankruptcy, 4th Ed., p. 362, as follows: "A debt provable in a former proceeding in which a discharge was denied on the merits will not be released by a discharge in a subsequent proceeding. In such a case the determination in the first proceeding is res adjudicata as to the creditors scheduled therein, and as to their claims the discharge of the bankrupt in a subsequent proceeding is not a bar."

This rule has been stated and repeated in numberless cases. It rests on the principle that where a court has denied a discharge and the proceeding has terminated with an adjudication that a bankrupt is not entitled to be discharged from his debts, this adjudication cannot be circumvented or nullified by a discharge of the same debts in a subsequent proceeding. It is an application of the doctrine of res adjudicata which prevents the re-litigation of issues once decided. In re Fiegenbaum, 2 Cir., 121 F. 69; In re McCausland, D.C., 9 F.Supp. 129.

Even where there has been no formal denial of a discharge in the first proceeding but a failure to obtain one through failing to apply for it, the result is the same. "Denial of a discharge from the debts

provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." Freshman v. Atkins, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L. Ed. 193. To the same effect see: In re Bramlett, D.C., 161 F. 588; In Re Weintraub, D.C., 133 F. 1000; In re Pullian, D.C., 171 F. 595; In re Loughran, 3 Cir., 218 F. 619; In re Von Borries, D.C., 168 F. 718; In re Bacon, 5 Cir., 193 F. 34; Kuntz v. Young, 8 Cir., 131 F. 719; In re McMorrow, D.C., 52 F.2d 643; In re Brislin, 10 F.Supp. 181. The same is held where in the prior proceeding the petition was dismissed for failure to prosecute; Pollet v. Cosel, 1 Cir., 179 F. 488, 30 L.R. A.,N.S., 1164; Colwell v. Epstein, 1 Cir., 142 F.2d 138, 156 A.L.R. 836.

■ The referee was undoubtedly correct in his conclusion that the denial of a discharge to the bankrupt in the first proceeding was a conclusive adjudication against him and rendered the question of his right to a discharge of the same debts in this proceeding res adjudicata.

■ The bankrupt argues that the objections filed by the trustee set forth none of the grounds upon which a discharge can be denied as prescribed in Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, except by suggestion and by reference to the grounds upon which the discharge was denied in the first proceeding. From this he argues that the concealment of assets and the fraudulent transfers of property did not take place within twelve months preceding the filing of the present petition in bankruptcy and are therefore not grounds for denying a discharge herein. This argument misses the point. The issue here is not whether the bankrupt has been guilty of concealing or transferring his assets. The objections are not based on that ground. They are based on the ground that it has heretofore been formally and finally adjudicated that he is not entitled to be discharged from certain debts. The reason for that former adjudication is not material here. As pointed out above, the result would have been exactly the same if his failure to obtain a discharge in the first proceeding had been due to no delinquency of conduct but due solely to a failure to apply for a discharge.

■ The only question that could be raised is of appropriate procedure. As to whether the referee, in the light of the record before him, made up of the objections filed by the trustee and the record in the previous case, had authority to enter an order in the form in which he did; i. e. granting a discharge as to debts incurred since the first proceeding, but exempting from its operation the debts involved in the old case.

It is true that the objections filed by the trustee did not set forth any of those specific grounds for denial of a discharge named in Section 14. The referee recognized and mentioned this fact both in his opinion and in his order; but held that the objections filed were good as a plea of res adjudicata to the application for discharge as to the nineteen debts listed in the old proceeding. I am of opinion that the course pursued by the referee was clearly within his powers and that his order was a proper one, the authority for which is now well settled.

During the ten years or so following enactment of the Bankruptcy Act of 1898 various courts had had before them this problem of attempts by bankrupts to secure discharge of debts as to which they had failed to obtain a discharge in a prior proceeding; and had dealt with it in several ways. In Kuntz v. Young, 8 Cir., 1904, 131 F. 719, where the debts in the two proceedings were identical, the action of the lower court in dismissing the second proceeding was approved. In re Fiegenbaum, 2 Cir., 1903, 121 F. 69, also involved identical debts and the court, stating that it was unnecessary to decide whether the second proceeding should be dismissed, said a proper course was to restrain the bankrupt from filing a second application for discharge. In the case of In re Weintraub, D.C., 1905, 133 F. 1000, the bankrupt was enjoined from prosecuting the second proceeding. In the last three cases cited the debts involved in the two proceedings were the same. However, in Re Kuffler, 2 Cir., 1907, 168 F. 1021, some of the debts listed in the second proceeding had been incurred since the first. As to these the court noted that the bankrupt was entitled to a discharge and indicated that the proper course was to stay the application for discharge, but limiting the stay to such of the debts as had been involved in the prior proceeding. In the Matter of Pullian, D. C., 1909, 171 F. 595, there were likewise a few debts incurred since the first proceeding. The court stated that had the debts been identical the proper course would have been to dismiss the second proceeding; but because of the new debts it fol-

lowed the procedure indicated in the Kuffler case, supra, which it cited. It is to be noted, however, that in this case (Pullian) the court pointed out authority to the effect that the situation could be dealt with by granting an order of discharge from the operation of which the debts provable in the first bankruptcy were expressly excepted.

The later acceptance of the procedure of granting a discharge in the second bankruptcy proceeding with an express exception of debts provable in the first was, no doubt, impelled by the case of Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L. Ed. 390, 13 L.R.A.,N.S., 629, decided by the Supreme Court in 1908, which indicates the desirability and necessity of such a course. That case was one in which a bankrupt, as here, sought the discharge in a second proceeding of debts the discharge of which had been denied in a previous proceeding. No opposition being offered a general discharge in the second proceeding was granted. An affected creditor thereafter sought to enforce his debt in the state court, claiming that it was not affected by the discharge on account of the adjudication denying its discharge in the previous proceeding. The Supreme Court in holding against the creditor pointed out that there was nothing in the record to show that the discharge was not applicable to the debt in question and said in substance that the creditor should have appeared in the second proceeding and pleaded the former adjudication; that one who relies upon a former adjudication must properly present it to the court in which he seeks to enforce it, and that while an adjudication in bankruptcy, refusing a discharge, finally determined for all time and in all courts the facts upon which the refusal was based, it must be proved in a second proceeding in order to bar a discharge therefrom in the latter.

Thereafter came the cases of Pollet v. Cossel, 1 Cir., 1910, 179 F. 488, 30 L.R.A., N.S., 1164, and In re Bacon, 5 Cir., 1912, 193 F. 34, 37, in both of which the opinion in Bluthenthal v. Jones, supra, was discussed and in both of which approval was given to the granting of a discharge excepting certain debts. In the case of In re Bacon the court, after referring to and quoting from the opinion in Bluthenthal v. Jones, says: "From this it appears to be required that the granting of a discharge under a second petition be resisted by objecting creditors with claims provable under a first petition. If so, the bankruptcy court must have authority *in its order of discharge to limit the effect of the discharge and to except from its operation* all debts provable under the former petition." (Emphasis supplied.)

The court refers to the cases of Kuffler and of Pullian, supra, in which the court had enjoined the bankrupt from applying for a discharge; and cites Pollet v. Cossel, supra, with several other cases as accomplishing the same result by granting a discharge expressly excepting the old debts. It approves the latter practice as being more convenient and says: "If the District Court has authority to limit the discharge so as to except from its operation debts of this character, it seems clear that it has the authority to express the limitation and exception in the order granting the discharge, though the Supreme Court form of discharge contains no such exception."

In this case certiorari was denied under the style of Bacon v. Buffalo Cold Storage Co., 225 U.S. 701, 32 S.Ct. 836, 56 L. Ed. 1264. See also In re Von Borries, D. C., 1909, 168 F. 718 and In re Westbrook, D.C. 1911, 186 F. 414, District Court cases cited in Re Bacon, supra, in which the same procedure was approved.

As the years have gone by this procedure has become settled as the accepted and approved practice in cases of this sort. See In re Cooper, D.C.N.J., 236 F. 298, where the court answered in the affirmative the specific question: "Whether in such subsequent proceeding, when it appears that there are debts which have been incurred since the first proceeding, and from which he (the bankrupt) is entitled to a discharge, he may be granted a qualified discharge, excepting the old debts." And see In re McCausland, D.C.Cal., 9 F.Supp. 129; Colwell v. Epstein, 1 Cir., 142 F.2d 138, 156 A.L.R. 836; In re Summer, 2 Cir., 107 F.2d 396, 397, in the latter of which the court points out the proper procedure as follows: "In a case where the debts listed in both bankruptcy proceedings are the same, a discharge may be denied altogether in the later proceeding * * *; but where the later proceeding includes additional debts, the practice is to grant a discharge which specifically excepts from its operation the debts that were listed in the prior proceeding. (Citing cases.) Indeed, it appears to be necessary for the

creditor to obtain such an exception if his claim is to be preserved against the bar of the discharge." Citing Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S., 629.

So far have the courts recognized this as a settled practice and as one necessary for the protection of creditors that they have allowed a general order of discharge to be amended some months afterward so as to exclude from its operation a debt listed and not discharged in a prior proceeding. In re Zeiler, D.C.N.Y., 18 F.Supp. 539.

And in the recent case of In re Shepherd, D.C.Or., 61 F.Supp. 948, 951, the court says: "It has long been the recognized practice of the bankruptcy court, upon motion of a proper party, or on its motion if the facts appear from its records, to qualify a discharge by excluding debts on which the bankrupt is barred from obtaining relief."

The authoritative text-books on bankruptcy lay down the same procedure as the proper and established one. See Collier on Bankruptcy, 14th Ed., as cited in Re Shepherd, supra; and Gilbert's Collier on Bankruptcy, 4th Ed. 333, saying: "The discharge in the subsequent proceedings must except all debts provable in the first bankruptcy and which could have been discharged therein."

■ I also have no doubt that it was a proper function, and within the duties, of the trustee to raise this question before the referee. Under Section 14, sub. b of the Act, as amended in 1938, it is provided that the court shall hear "such proofs and pleas as may be made in opposition to the discharge, by the trustee, creditors, the United States attorney, or * * *" (others). It is no longer required that the trustee shall act in opposition to a discharge only when previously authorized by the creditors to do so. The facts being known to the trustee he, in pursuance of his duty to protect the interest of creditors, had the right to act on his own initiative. Nor is it material whether, in bringing the situation before the court, his action be entitled objections to discharge or a plea in denial of the right to discharge. All that was necessary was that the facts be brought to the attention of the court. In fact, the court might have acted on its own initiative when the facts were made to appear before it. In this case the referee treated the objections filed as a plea of res adjudicata to the application for an order of discharge. It upheld the plea as to the nineteen debts involved in the first proceeding. This was plainly right and the terms of the order of discharge, in which this holding was specifically set forth, were in the form usual and proper in such cases. The action of the referee is affirmed.